**Stephen M. SEEGER, Appellee,**

v.

**FIRST UNION NATIONAL BANK, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 8, 2003.

Filed Nov. 10, 2003.

Robert J. Dougher, Philadelphia, for appellant.

Peter N. Harrison, Doylestown, for appellee.

Before: STEVENS, OLSZEWSKI, and BECK, JJ.

OLSZEWSKI, J.

¶ 1 Appellant, First Union National Bank (First Union), appeals from the March 3, 2003, order of court denying its petition to open default judgment. The procedural history of this case is as follows:

¶ 2 Appellee, Stephen Seeger (Seeger), filed a complaint in the court of common pleas on July 18, 2002. The sheriff effectuated service on First Union on July 24, 2002. First Union did not respond to the complaint. On September 17, 2002, Seeger served a ten-day notice of intent to take default judgment. First Union still did not respond to the complaint. On September 30, 2002, Seeger filed a praecipe to enter a default judgment. Sixteen days later, on October 16, 2002, First Union filed a petition to open the default judgment. A brief was filed with the petition to open default judgment that contained as exhibits the proposed answer and new matter to be filed by First Union, and an affidavit signed by Alita Thomas, a paralegal employed in the legal division of First Union. Following arguments on the petition, the trial court denied First Union's petition to open the default judgment stating that First Union had failed to establish a meritorious defense and also failed to establish a reasonable excuse for not responding to the complaint. Trial Court Opinion, 5/20/03, at 7. This appeal followed.

¶ 3 We begin by stating our standard of review of a denial of a petition to open a default judgment:

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision 'absent a manifest abuse of discretion or error of law.'

*Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa.Super.2000) (citation omitted). This Court may, after a review of the case, find an abuse of discretion if equity clearly favored opening the judgment. *Id.* (citation omitted). "An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *Id.* (citation omitted).

¶ 4 Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) pleaded a meritorious defense to the allegations contained in the complaint, and (3) provided a reasonable excuse or explanation for failing to file a responsive pleading. *Id.* at 1281. After applying this test, the trial court found that First Union met the first requirement of the three-part test by filing its petition to open the default judgment sixteen days after the default judgment was entered. Trial Court Opinion, 5/20/03, at 4. We agree. The trial court, however, did not find that First Union had met the second or third requirements. We review the record below for an abuse of discretion or an error of law.

¶ 5 First, we focus on whether First Union pleaded a meritorious defense to the allegations of the complaint.

> The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. The defense does not have to prove every element of its defense[;] however, it must set forth the defense in precise, specific and clear terms.

*Penn–Delco School v. Bell Atlantic–PA,* 745 A.2d 14, 19 (Pa.Super.1999) (citations omitted). Merely asserting in a petition to open default judgment that one has a meritorious defense is insufficient. *Id.* The moving party must set forth its meritorious defense. *Id.* If any one of the alleged defenses would provide relief from liability, the moving party will have pled a meritorious defense and will have satisfied the third requirement to open the default judgment. *Id.*

¶ 6 The trial court found that First Union had not asserted any meritorious defenses because First Union had failed to set forth any facts on which the trial court could determine if, in fact, the defenses were meritorious. Trial Court Opinion, 5/20/03, at 5. This Court, however, finds that First Union has set forth facts to support one of its defenses. Paragraph 20 of First Union's answer and new matter asserts that Seeger was the party who breached the contract by failing to "timely report or otherwise notify First Union of any alleged unauthorized withdrawals, forgeries, or other unauthorized transfer of funds." Appellant's Answer and New Matter, ¶ 20.[1] If First Union can prove at trial that timely notification was a term of the contract, that Seeger was in breach of that term, and that this breach relieved First Union of any duty, this defense would relieve First Union of any liability.[2] Therefore, we find that First Union did plead a meritorious defense.

¶ 7 Although the trial court erred in finding that First Union did not plead a meritorious defense, we must address whether First Union provided a reasonable explanation or excuse for failing to file a responsive pleading to the complaint.

¶ 8 "Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." *Duckson v. Wee Wheelers, Inc.,* 423 Pa.Super. 251, 620 A.2d 1206, 1210 (1993) (citation omitted). Alita Thomas, a paralegal in the legal department of First Union, prepared an affidavit explaining why First Union did not respond to the complaint. According to Ms. Thomas, she received the complaint on or about July 30, 2002. Affidavit of Alita Thomas. It is her responsibility to assign new complaints to outside counsel. *Id.* The legal department's procedure is for Ms. Thomas to transmit the new complaint via facsimile to outside counsel and to First Union's Loss Management Division. *Id.* The Loss Management Division is then charged with coordinating the investigation and handling of the litigation with outside counsel. *Id.* In this case, Ms. Thomas inadvertently transmitted the complaint via facsimile to the Loss Management Division twice. *Id.* She was under the impression that one of the transmissions was made to outside counsel. *Id.* She did not discover her error until she received the Notice of Filing Judgment on

---

1. We note that Paragraph 20 of First Union's answer and new matter is the only paragraph that sets forth any facts on which a defense is based.

2. Seeger's complaint is based solely on the rights and duties set forth in the contract between the parties attached to the complaint and referred to by Seeger as the Customer Access Agreement.

October 11, 2002. *Id.* When Ms. Thomas received the Notice of Filing Judgment, she immediately contacted outside counsel, *Id.*, who filed the petition to open default judgment five days later.

¶ 9 "Excusable negligence must establish an oversight rather than a deliberate decision not to defend." *Duckson v. Wee Wheelers, Inc.*, 620 A.2d at 1211 (citation omitted). In this instance, we find that the actions of Ms. Thomas amount to an oversight. She attempted to transmit the complaint to outside counsel and believed that she had accomplished that task. If this were the end of the analysis, we would hold that appellant did provide a reasonable explanation for failing to respond to the complaint. The trial court, however, went one step further and considered the fact that First Union had not provided any explanation for the Loss Management Division's lack of attention to this matter. The trial court noted that the Loss Management Division had the complaint for two months and never made contact with outside counsel.[3] Trial Court Opinion, 5/20/03, at 7. First Union has admitted that it is its Loss Management Division that is responsible for coordinating a defense with outside counsel.[4] Affidavit of Alita Thomas. Accordingly, the "buck" does not stop with Ms. Thomas. First Union must explain how the Loss Management Division's inactions amount to an oversight rather than a decision not to defend. First Union has not done so. Therefore, it was correct for the trial court to find that First Union had not met the third prong of *Dumoff, supra.* Because the trial court cannot "open a default judgment based on the 'equities' of the case when [First Union] has failed to establish all three of the required criteria," *Castings Condominium Assoc. Inc., v. Klein,* 444 Pa.Super. 68, 663 A.2d 220, 225 (1995), it was proper for the trial court to deny First Union's petition to open default judgment.

¶ 10 Order AFFIRMED.

---

**3.** In fact, Loss Management had been sent *two* copies of the complaint. Affidavit of Anita Thomas.

**4.** We note that First Union's answer and new matter attached to its petition to open default judgment is verified by the Loss Management Division.