IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terraces at East Falls Condominium : 
Association : 
  : 
        v. : No. 736 C.D. 2016
  : SUBMITTED: October 7, 2016
East Falls Terraces, LLC, : 
           Appellant : 


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY            FILED: January 27, 2017

East Falls Terraces, LLC (East Falls) appeals from an order of the Philadelphia County Court of Common Pleas denying its Petition to Open Default Judgment (Petition). We affirm.


East Falls owns a number of condominium units within the Terraces at East Falls Condominium Association (the Association). On January 28, 2014, the Association filed a statement of claim in municipal court for unpaid condominium dues and related charges for Unit 301, 3343 Conrad Street in Philadelphia (Unit 301), which is owned by East Falls. The claim was twice dismissed without prejudice due to lack of service of notice. After reinstatement of the claim, the Association filed an affidavit of service on June 10, 2014, stating that on June 3, 2014, service of process had been made at Unit 301 to a white, 28-

year-old unidentified female. The Association's claim was considered at a municipal court hearing on June 23, 2014. Counsel for the Association was present, but no representative of East Falls appeared at the hearing. One week later, the municipal court entered a default judgment against East Falls in the amount of $6,154.33. Notice of the judgment was mailed by the municipal court to Unit 301 on June 30, 2014. The Association began to garnish rents from condominiums owned by East Falls in December 2014 to satisfy the judgment. On May 21, 2015, having collected all money due, the Association dissolved the garnishment and marked the judgment satisfied.

East Falls filed a petition to open judgment in the municipal court on April 14, 2015. The petition averred that East Falls had not received service of the statement of claims. Concluding the "the defense lacked merit," the municipal court denied East Falls' petition on April 18, 2015.

East Falls then filed a petition to open judgment in the court of common pleas on June 9, 2015. East Falls maintained that it did not receive notice of the statement of claim and that the judgment should be opened. The court of common pleas found that the circumstances did not warrant an opening of the judgment and denied East Falls' petition on July 2, 2015. This appeal followed.[1]

---

[1] We review a denial of a petition to open a judgment to determine whether the court exercised an abuse of discretion. *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175 (Pa. Super. 2009). An abuse of discretion occurs when a trial court overrides or misapplies the law, exercises manifestly unreasonable judgment, or exercises partiality, prejudice, bias, or ill will in reaching its conclusions. *Id.*

A petition to open a judgment is an appeal to the equitable powers of the court. *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.*, 485 A.2d 1086 (Pa. 1984). To open a judgment, the moving party must show that (1) the petition to open was promptly filed; (2) the failure to appear or file a timely answer must be excusable; and (3) the moving party must show a meritorious defense. *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 919 (Pa. 1997). The trial court will not open a default judgment based on the equities of a case unless the moving party shows all three factors. *Seeger v. First Union National Bank*, 836 A.2d 163 (Pa. Super. 2003). However, when the moving party asserts improper service, a court must address service before addressing any other factor. *Id.* If improper service exists, then the judgment must be opened because the court lacks jurisdiction against the moving party. *Id.*

Fundamentally, notice must "be reasonably calculated to inform interested parties of the pending action." *Pennsylvania Coal Mining Association v. Insurance Department,* 370 A.2d 685, 692-93 (Pa. 1977). In this case, the Association filed an affidavit of service on June 10, 2014, documenting personal service upon an unidentified adult at Unit 301 on June 3, 2014. The affidavit does not provide the name of the person served, but it does describe the age, height, weight, race and sex of the recipient. The affidavit was made subject to the criminal penalties set forth in section 4904 of the Crimes Code, 18 Pa. C.S. § 4904.

The municipal court and court of common pleas accepted this affidavit as sufficient credible evidence of service reasonably calculated to inform East Falls of the proceeding to collect outstanding condominium dues. East Falls'

3

contrary protestations do not demonstrate any abuse of discretion with respect to notice regarding the statement of claim.

A petition to open a judgment must be filed promptly. *Cintas,* 700 A.2d at 919. The timeliness is determined by reference to the date that the notice of judgment is received. *Ruczynski v. Jesray Construction Corporation,* 326 A.2d 326, 328 (Pa. 1974). The record shows that the default judgment was mailed to Unit 301 on June 30, 2014. East Falls filed its petition with the municipal court on April 14, 2015, more than nine months later. We find no abuse of discretion in the determination by the court of common pleas that East Falls failed to file its petition to open promptly.

A petition to open must also plead a reasonable excuse for its failure to appear or answer in the underlying action. *Cintas,* 700 A.2d at 919. East Falls claims that it did not appear or answer because it did not receive notice. As discussed above, we discern no abuse of discretion in the determination of the court of common pleas that service was sufficient in this case. Consequently, we conclude that East Falls has failed to present an adequate excuse for its absence from the underlying litigation.

The third element required for a successful petition to open judgment is the pleading of a meritorious defense for the underling action. *Id.* A careful review of East Falls' petition to open judgment reveals that it is completely void of even a hint of any potential defense to the allegation that East Falls owed

4

condominium dues to the Association.  East Falls also has failed to meet the third prong required in a petition to open judgment.

For the above reasons, we affirm.


_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terraces at East Falls Condominium :
Association :
                                      :
          v. : No. 736 C.D. 2016
                                        :
East Falls Terraces, LLC, :
                Appellant :

## O R D E R

AND NOW, this 27th day of January, 2017, the order of the Philadelphia County Court of Common Pleas is affirmed.

_____
JULIA K. HEARTHWAY, Judge