J-A17030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES MCCARTHY AND NICOLE MCCARTHY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CRAIG RIDDELL AND RUTH RIDDELL | : | |
| | : | No. 3502 EDA 2016 |
| Appellants | : | |

Appeal from the Order September 30, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  No. 2014-07872

BEFORE:   GANTMAN, P.J., RANSOM, J. and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED SEPTEMBER 08, 2017**

Appellants, Craig and Ruth Riddell, appeal from the order entered September 30, 2016, denying their petition to open a default judgment entered against Appellants in favor of Appellees, James and Nicole McCarthy, for the amount of $9,920.00 arising from Appellants' withholding of Appellees' security deposit.  We affirm.

Appellants are owners of real property located at 238A Byberry Road, Hatboro, Pennsylvania ("the property").  **See** Trial Ct. Op. (TCO), 1/30/2017, at 3.  Appellants leased the property to Appellees on December 1, 2012, for a term of one year.  **See id.**  Appellees paid a security deposit of $2,140.00.  **See id.**  The lease was automatically renewable on a periodic,

_____

[*] Retired Senior Judge assigned to the Superior Court.

month-to-month basis unless and until either party provided sixty-day notice of intent to terminate the lease. *See id.*

On April 28, 2014, Appellees provided Appellants with the required sixty-day notice of their intention to vacate the premises. *See id.* Appellees vacated the premises on June 30, 2014. *See id.* Appellants did not timely remit a list of damages or balance of the security deposit. *See id.* at 3-4. In early August 2014, Appellees sent an email to Appellants regarding the status of the security deposit. Appellants responded that they were "behind" on security deposit issues. *See id.* at 4.

On August 8, 2014, Appellees sued Appellants in the Magisterial District Court of Montgomery County (MDJ-38-1-14) for the full balance of the security deposit. *See id.* On August 12, 2014, Appellants sent an invoice of deductions along with a check for approximately half of the security deposit (in the amount of $965.00) to Appellees. *See id.* However, Appellees did not deposit the check, having already sued Appellants for the full amount of the security deposit. *See id.*

On October 15, 2014, the district court entered a civil judgment in the amount of $2,285.75 for the security deposit and costs in favor of Appellees. *See* MJ-28114-cv-0000151-2014 (Mont. Cty. MDJ-38-1-14).

On November 5, 2014, Appellees filed a *de novo* appeal in the Court of Common Pleas of Bucks County by way of a complaint with two counts: (1) seeking the "return of improperly withheld escrow funds" and (2) for "conversion of property", alleging that Appellants "willfully interfered with

[Appellees'] chattels by converting the security deposit for their personal use." **See** Bucks County Compl., 11/5/2014, at ¶¶ 8-16. Appellants failed to respond to the complaint or file preliminary objections.

On December 29, 2014, Appellees gave Appellants notice of intent to enter a default judgment ("10-day notice"). On February 27, 2015, Appellees filed a praecipe to enter default judgment. On March 9, 2015, the Bucks County prothonotary entered a default judgment in favor of Appellees and against Appellants for the amount of $9,920.00. Appellants were served with notice of entry of judgment pursuant to Pa.R.C.P. 236.

On March 24, 2015, Appellants timely filed a petition to open or strike the default judgment entered in Bucks County. Following additional briefing, the Bucks County court issued an order striking the judgment in its entirety on July 1, 2015, based on the facts that Appellees filed their *de novo* appeal in an improper venue and in an untimely fashion pursuant to Pa.R.C.P.M.D.J. 1002(A).

Appellees appealed the Bucks County court's decision to this Court. Upon review, this Court held that the trial court had erred in dismissing the matter in its entirety. **See McCarthy v. Riddell**, 145 A.3d 797, at *8 (Pa. Super. 2016) (unpublished memorandum) (reversing the trial court based on erroneous application of Pa.R.C.P.M.D.J. 1002(A)). Moreover, this Court held that it was error to dismiss the action based on improper venue because Appellants waived the affirmative defense to improper venue by failing to file preliminary objections in response to the complaint.

***McCarthy***, 145 A.3d at *10 (citing Pa.R.C.P. 1006(e)). This Court vacated the order striking the appeal and remanded the case to the Bucks County trial court for consideration of whether Appellants' petition to open/strike met all of the requirements necessary to open the default judgment. ***See*** ***id.*** at **10-11.

On September 30, 2016, the Bucks County court denied Appellants' petition to open the default judgment based on their "failure to provide a reasonable explanation for the delay causing the default judgment." Trial Ct. Op. (TCO), 1/30/2017, at 5. Appellants timely filed a notice of appeal and a court-ordered 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellants raise the following issue:

1. Did the [c]ourt below commit an error of law and an abuse of its discretion under the facts of this case by denying the Appellants' [p]etition to [o]pen [j]udgment?

Appellants' Br. at 3.

Appellants challenge the trial court's denial of their petition to open a default judgment.

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

***Smith v. Morrell Beer Distributors, Inc.***, 29 A.3d 23, 25 (Pa. Super. 2011). To open a default judgment, the moving party must (1) file the

- 4 -

petition to open promptly, (2) provide a reasonable excuse or explanation for the failure to file a responsive pleading, and (3) plead a meritorious defense to the allegations of the complaint. *US Bank N.A. v. Mallory*, 982 A.2d 986, 995-96 (Pa. Super. 2009). If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied. *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 178 (Pa. Super. 2009); *see also Mallory*, 982 A.2d at 996-97 (affirming denial of petition to open without needing to analyze third prong of test).

Here, Appellants established that their petition to open the default judgment was "promptly filed" within fifteen days of the entry of default. *See, e.g., Reid v. Boohar*, 856 A.2d 156, 162 (Pa. Super. 2004) (holding that petition filed one month after entry of default judgment was timely). Thus, we agree with the trial court's conclusion that Appellant satisfied the first prong of the test.

"With regard to the second prong, '[w]hether an excuse is legitimate is not easily answered and depends on the specific circumstances of the case.'" *Mallory*, 982 A.2d at 995 (quoting *AGB Promos. v. Parkway Pub.*, 834 A.2d 613, 616 (Pa. Super. 2003)). "Excusable negligence must establish an oversight rather than a deliberate decision not to defend." *Seeger v. First Union Nat'l Bank*, 836 A.2d 163, 167 (Pa. Super. 2003).

"This Court has held that where a judgment was not due to an oversight, an unintentional omission to act, or a mistake of the rights and

duties of the defendant, but was the result of a decision, after deliberation, not to defend, a default judgment will not be opened." ***Samuel Jacobs Distrib., Inc. v. Conditioned Air, Inc.***, 301 A.2d 907, 910 (Pa. Super. 1973) (citation and quotation marks omitted).

> The fact [an a]ppellant may be unsophisticated in legal and financial matters is all the more reason [he or she] should have heeded the notices to secure legal counsel at once, and [his or her] deliberate decision not to defend does not provide a reasonable explanation or excuse necessary to open the default judgment.

***Mallory***, 982 A.2d at 996 (citing ***Seeger***, 836 A.2d at 167).

Appellants assert that their delay in responding to the complaint should be excused based on their reasonable reliance on an attorney's advice that no action was necessary until they received a "10-day notice." ***See*** Appellants' Br. at 21. In his deposition, Appellant Mr. Riddell explained:

> MR. RIDDELL: I took the [complaint] to a lawyer friend of mine, who I've done business with for many years, and [the lawyer] told me that when I received the [10-day] notice, it kicked into high gear, and that I had to respond to the complaint. I could do it myself, agree or deny – accept or deny, and explain each paragraph in point, in question.
>
> COUNSEL: Did you ever speak to me prior to the entry of a judgment against you in this matter?
>
> MR. RIDDELL: No.
>
> COUNSEL: All right. Now, did you ever receive a 10-day notice of an intention by the [Appellees] to take a default judgment against you?
>
> MR. RIDDELL: I did not.
>
> Counsel: And what was your understanding as your right to wait

- 6 -

until you got the 10-day notice?

MR. RIDDELL: Nothing would happen until the 10-day notice was sent to me.

Notes of Testimony (N.T.), 7/15/2016, at 14-15. Further, Appellants assert that this conduct does not expose "sophisticated action of one who was attempting to abuse the legal system or to utilize calculating delaying tactics." Appellant's Br. at 21. According to Appellants, "[e]rrors of this sort have been held to constitute sufficient legal justification to open a default judgment." *Id.* at 22 (quoting **Samuel Jacobs**, 301 A.2d at 910 (citations omitted)).

The trial court addressed Appellants' contention that they failed to receive the ten-day notice in terms of whether Appellees complied with Pa.R.C.P. 237.1 (providing that a party must send a 10-day notice of intent to file a default judgment prior to the entry of default).[1] However, compliance with Rule 237.1 is irrelevant to whether Appellants established a reasonable excuse for the delay that lead to the default in this case. **See**

---

[1] In addressing Appellant's petition to open, the trial court relied on **Wells Fargo Bank, N.A. v. Vanmeter**, 67 A.3d 14, 17 (Pa. Super. 2013) (finding no fatal defect to warrant striking the judgment where bank complied with Rule 237.1). **See** Trial Ct. Op., 1/30/2017, at 8. Here, the trial court's reliance on **Vanmeter** is incorrect, because the issue in that case involved a petition to strike whereas here Appellants challenge the denial of their petition to open. Further, there is no discussion of reasonable excuse relative to Rule 237.1 in **Vanmeter**. Nevertheless, and notwithstanding Appellants' self-serving assertion that they never received Rule 237 notice, the trial court correctly concluded that Appellees had complied with the certification requirements of the rule.

Appellants' Br. at 20-21. Here, Appellants suggest that they failed to respond to the complaint based on advice from an attorney that no response was needed until the 10-day notice was received. However, they acknowledge receiving a copy of the complaint and the attached notice to defend, which clearly informed Appellants of their obligation to respond within twenty days. Although Mr. Riddell sought legal advice from a "lawyer friend," he did not heed the notice to defend until after the default judgment was filed. *See* N.T. at 15.

The trial court found that Appellants' legal unsophistication did not establish a reasonable excuse for the delay in this case because Appellants made a "deliberate decision not to defend." *See* Trial Ct. Op., 1/30/2017, at 10. We agree. Appellants made a deliberate decision not to defend, which cannot establish a reasonable excuse necessary to open the default judgment. *See Mallory*, 982 A.2d at 996. Finding competent support for the trial court's conclusions, the denial of Appellants' petition to open the default judgment was proper. *See id.* at 997; *see also Myers*, *supra*.[2]

_____

[2] With regard to the third prong, the trial court found that Appellants' petition to open did not plead a meritorious defense with regard to the claim that Appellants wrongfully withheld the security deposit. *See* TCO at 12 (noting that Appellants waived any right to withhold Appellees' security deposit because they did not promptly furnish a list of damages within thirty days of the termination of the lease) (citing 68 P.S. § 250.11(a)-(b)). The court did find that Appellants had asserted a meritorious defense to Appellees' claim for conversion. *See* TCO at 14.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2017