J. A16038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ISATU BARRIE AND | : | IN THE SUPERIOR COURT OF |
| MOHAMED BARRIE, W/H | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| INEZ G. BROOKS AND | : | |
| INEZ TOO BANQUET HALL, | : | No. 282 EDA 2018 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered July 14, 2017,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. June Term 2016 No. 03424

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 17, 2018**

Inez G. Brooks and Inez Too Banquet Hall (collectively, "Ms. Brooks")

appeal, ***pro se***, from the July 14, 2017 order entered by the Court of Common

Pleas of Philadelphia County denying Ms. Brooks's motion to strike/open

judgment by default.  After careful review, we affirm.

The trial court provided the following synopsis of the relevant factual

and procedural history:

> The present litigation arises from a slip and fall that
> occurred at Defendant Inez Too Banquet Hall on
> May 14, 2016.  On that date, Plaintiff Isatu Barrie
> [(hereinafter, "appellee")] slipped on some water that
> had been spilled on a wooden dance floor.  As a result
> of this fall, [appellee] alleges that she sustained
> serious injuries, including a fibular fracture and ankle
> fracture, which required surgery to repair.

On June 29, 2016[, appellee] filed the present lawsuit in the Philadelphia Court of Common Pleas. [Appellee] subsequently filed a complaint on July 21, 2016. On July 25, 2016 said Complaint was served by non-party Stephen Bongard on [Ms. Brooks] at 624 S. 62nd Street, Philadelphia, Pennsylvania. Service was accepted by Lorna Brooks. [Ms. Brooks] did not answer [appellee's] complaint and on September 10, 2016, [appellee] mailed a Notice of Praecipe to Enter Judgment by Default. This Notice was sent to [Ms. Brooks] via [C]ertified and [F]irst [C]lass [M]ail. The [C]ertified [M]ail was returned as unclaimed, but the [F]irst [C]lass [M]ail was not returned.

On Tuesday[,] September 27, 2016, a Case Management Conference was held and the Honorable Arnold New issued a Case Management Order setting relevant discovery deadlines and a proposed trial date. [Ms. Brooks] did not appear at this conference. On May 9, 2017[, Ms.] Brooks filed a Motion for Extraordinary Relief stating that she had not been served, that she did not carry premises liability insurance, and that no discovery in this matter had been conducted. In this Motion[, Ms. Brooks] asked [the trial court] to [o]rder [appellees] to personally serve [Ms. Brooks], vacate the Case Management Order, and allow the parties to complete discovery before rescheduling the requisite litigation events. [The trial court] denied [Ms. Brooks's] Motion without prejudice on June 1, 2017.

On May 10, 2017[, appellees] filed a Praecipe to Enter Default Judgment against [Ms. Brooks.] A default judgment was entered against [Ms. Brooks] that day and notice was sent two days later on May 12, 2017. On June 2, 2017[, Ms. Brooks] filed a Petition to Open Judgment. [Appellees] answered on June 22, 2017 and on June 30, 2017[, Ms. Brooks] filed a reply to said answer. On July 14, 2017, [the trial court] denied [Ms. Brooks's] Motion and ordered an assessment of damages hearing be scheduled. To date no assessment of damages hearing has taken place.

> [Ms. Brooks] timely appealed [the trial court's] July 14, 2017 Order to the Commonwealth Court on July 21, 2017. Pursuant to [the trial court's] December 6, 2017 Order, [Ms. Brooks] filed a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on December 27, 2017. In this Statement, [Ms. Brooks] argues that she was never personally served as required by the Pennsylvania Rules of Civil Procedure and that as such [the trial court] should have exercised its equitable powers in her favor and opened the Default Judgment.

Trial court opinion, 12/27/17 at unnumbered pages 1-3 (citations to the record and footnotes omitted).

Pursuant to Pa.R.A.P. 1925(a), the trial court filed its opinion on December 27, 2017. On January 29, 2018, this case was transferred from the Commonwealth Court of Pennsylvania to this court. On July 18, 2018, this court heard oral argument in this case. Ms. Brooks attended oral argument and argued before the panel on her own behalf. This court listened intently to Ms. Brooks's arguments and is now in a position to review her issues raised on appeal.

Ms. Brooks raises the following issues for our review:

1. Did [Ms. Brooks] receive personal service of [a]ppellees' Complaint as required by Pa. Rules of Civil Procedure, Rule 402?

2. Did the Court/Court Administration err in failing to mail notice of the Case Management *Hearing* to [Ms. Brooks] who had not yet entered an appearance in the civil action against [her], in accordance with Pa. Rules of Civil Procedure, Rule 440(a)(1), (2)(i), Service of Legal Papers Other than Original Process?

3.  Did counsel to [a]ppellees act in good faith when calling [Ms. Brooks] to inquire about premises liability insurance prior to the Case Management *Hearing*, while failing to provide notice of the Hearing to [Ms. Brooks], when he knew [Ms. Brooks was] unrepresented by counsel, in accordance with Pa. Rules of Civil Procedure, Rule 440(a)(1), (2)(i), Service of Legal Papers Other than Original Process?

4.  Did Court/Court Administration err in failing to mail the Case Management *Order* to [Ms. Brooks], in accordance with Pa. Rules of Civil Procedure, Rule 440(a)(1), (2)(i), Service of Legal Papers Other than Original Process?

5.  Did counsel to [a]ppellees act in good faith by failing to mail a copy of the [a]ppellees' Case Management Memorandum and Case Management *Order* to [Ms. Brooks], when he knew they were unrepresented by counsel, in accordance with Pa. Rules of Civil Procedure, Rule 440(a)(1), (2)(i), Service of Legal Papers Other than Original Process?

6.  Did the Court display bias towards [a]ppellees, by denying [Ms. Brooks's] Petition for Extraordinary Relief after being apprised [Ms. Brooks] had not been served with the Complaint, Notice of the Case Management Hearing or Case Management Order and that the case was not ripe for settlement discussions since no discovery had been completed? (See [Ms. Brooks's] Petition for Extraordinary Relief and [Ms. Brooks's] May 4 and 5, 2017 letters to the Court appended hereto.)

7.  Did the Court display bias towards [a]ppellees, by denying [Ms. Brooks's] Petition to Strike/Open Judgment by Default which was timely filed?

8.  Considering [a]ppellees waited from September 8, 2016 (the date of the Notice of Default) until

> May 10, 2017 (the date [Ms. Brooks] filed a Petition for Extraordinary Relief), some eight (8) months later, to file a Praecipe to Enter Judgment by Default, would [a]ppellees by unduly harmed by the slight delay necessitated to allow the case to work its way through the Court?
>
> 9. In consideration of the gravity of the allegations in [a]ppellee[s'] Complaint, and the fact the [a]ppellees were in no apparent rush to litigate the case (demonstrated by waiting eight (8) months to take judgment by default), why did the trial Court not use its equitable powers and discretion to grant [Ms. Brooks's] Petition to Strike that was timely filed with the Court?

Ms. Brooks's brief at 4-6 (emphasis in original).

> As a prefatory matter, although this Court is willing to construe liberally materials filed by a **pro se** litigant, **pro se** status generally confers no special benefit upon an appellant. **Commonwealth v. Maris**, [] 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). Accordingly, a **pro se** litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Id.** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.**

**Commonwealth v. Lyons**, 833 A.2d 245, 251-252 (Pa.Super. 2003), **appeal denied**, 879 A.2d 782 (Pa. 2005). For example, the Rules of Appellate Procedure require that each issue raised for appellate review be supported by "discussion and analysis of pertinent authority." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa.Super. 2014), **appeal denied**, 110 A.3d 998 (Pa. 2014). "Arguments not appropriately developed include those where the party has

failed to cite any authority in support of a contention." ***Id.***, citing ***Lackner v. Glosser***, 892 A.2d 1, 29-30 (Pa.Super. 2006) (citations omitted).

With the exception of her seventh issue on appeal, Ms. Brooks's arguments in her brief do not develop any of her issues, nor do they provide citation to any legal authority as required by the Pennsylvania Rules of Appellate Procedure. Accordingly, we are constrained to find that Ms. Brooks has waived issues one through six, eight, and nine on appeal.

In her seventh issue on appeal, Ms. Brooks contends that the trial court erred when it denied her motion to open the default judgment entered against her.

> It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.
>
> ***US Bank N.A. v. Mallory***, 982 A.2d 986, 994 (Pa.Super. 2009) (*quoting* ***ABG Promotions v. Parkway Publishing, Inc.***, 834 A.2d 613, 615-616 (Pa.Super. 2003) (***en banc***) (quotations, quotation marks, and citations omitted).
>
> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

> ***McFarland v. Whitham***, [] 544 A.2d 929 (Pa. 1988); ***Seeger v. First Union National Bank***, 836 A.2d 163 (Pa.Super. 2003). Moreover, we note the trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria. ***Seeger***, *supra*.

***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 175-176 (Pa.Super. 2009).

Our analysis begins with the third prong: whether Ms. Brooks pleaded a meritorious defense to the allegations contained in appellees' complaint. In her petition to open default judgment, Ms. Brooks provides the following:

> In the instant matter, [Ms. Brooks denies appellees'] injuries occurred at [Ms. Brooks's] facility, but nonetheless have been in conversation/negotiation with [appellees] counsel for several months, having provided counsel with a copy of the banquet hall's insurance declarations sheet during the week of May 15, 2017.

Ms. Brooks's petition to strike/open default judgment, 6/1/17 at 5, # 24.

This court has defined the term "meritorious defense" as "allegations of fact that, if proven at trial, would entitle the petitioners to relief[.]" ***Smith v. Morrell Beer Distributors, Inc.***, 29 A.3d 23, 28 (Pa.Super. 2011). In ***Smith***, this court found that the appellants did not plead a meritorious defense because the appellants relied on conclusions of law and challenges to the plaintiff's proof rather than setting forth a meritorious defense supported by verified allegations of fact." ***Id.***

In the instant case, Ms. Brooks attached a copy of her answer to appellee's complaint. Therein, much like the appellants in ***Smith***,

Ms. Brooks's answer consists of little more than conclusions of law and challenges to appellees' proof. We find that in neither her answer nor in her petition to open default judgment does Ms. Brooks provide a meritorious defense based in allegations of fact that would entitle her to relief if proven at trial. Accordingly, because Ms. Brooks was unable to meet all three elements required to open a default judgment, we must find that the trial court did not abuse its discretion when it denied Ms. Brooks's petition to open default judgment.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/17/2018*