J-S60031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LANDMARK COMMUNITY BANK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM K. NASSER, JR. AND | : | |
| DONNA M. NASSER, | : | |
| | : | |
| Appellants | : | No. 531 MDA 2018 |

Appeal from the Order Entered March 8, 2018
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2017-CV-1075

BEFORE: SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 18, 2018**

William K. Nasser, Jr. and Donna M. Nasser (the Nassers) appeal from the order entered March 8, 2018, which denied the Nassers' petition to open/strike a default judgment filed by Landmark Community Bank (Landmark). We affirm.

We summarize the relevant facts and procedural history of this case as follows. On February 8, 2017, Landmark filed a complaint in mortgage foreclosure against the Nassers. According to Landmark, Landmark made three separate loans to the Nassers. The first was secured by a mortgage of $285,000 on August 12, 2003. Landmark avers that the Nassers still owe $15,258.20 on that loan as a result "of a long overdue late charge." Complaint, 2/8/2017, at ¶ 6. The second loan was a home equity line of credit for

_____

* Retired Senior Judge assigned to the Superior Court.

$150,000 made on July 8, 2010. Landmark avers that the Nassers have not made any payments on the line of credit since April of 2016. Finally, on August 31, 2010, Landmark made another residential loan to the Nassers for $160,000. Landmark avers that the Nassers have not made any payments on this loan since March of 2016. Thus, according to Landmark, the Nassers owe $311,352.02 plus costs, legal expenses, reasonable attorney's fees, and ongoing interest. *Id*. at ¶ 21.

The Nassers did not file an answer to the complaint, and on April 25, 2017, Landmark filed and served a ten-day notice pursuant to Pa.R.C.P. 237(a)(2)(ii). On May 8, 2017, Landmark filed a praecipe for entry of default judgment, and judgment was entered against the Nassers and in favor of Landmark in the amount of $316,868.82.[1]

On May 24, 2017, the Nassers filed a petition to strike and/or open the default judgment. According to the Nassers, they did not file a responsive pleading because their attorney "was in the process of attempting to negotiate a resolution to not only the mortgage foreclosure complaint but other issues between Landmark and" Mr. Nasser. Petition to Strike and/or Open Default Judgment, 5/24/2017, at ¶ 9. The Nassers also averred that they had a meritorious defense against the complaint because "they attempted to make payments upon the loans[,]" but those payments were refused by Landmark. *Id*. at ¶ 12.

---

[1] The increased amount was due to additional accrued interest.

Landmark filed an answer to the petition, and the trial court heard argument on the petition on October 12, 2017. At argument, the Nassers reiterated their position that they were attempting to cure the defaults on these loans as part of an overall settlement regarding these mortgage foreclosures and other matters. N.T., 10/12/2017, at 39. On March 8, 2018, the trial court entered an order denying the Nassers' motion to open/strike the default judgment.[2] The Nassers filed a timely notice of appeal. The trial court did not order a concise statement of errors complained of on appeal, and directs this Court to consider the memorandum filed on February 28, 2018 pursuant to Pa.R.A.P. 1925(a).

On appeal, the Nassers argue the trial court erred in denying the petition to open the default judgment.[3] The Nassers' Brief at 7.

We review this claim mindful of the following.

> It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

---

[2] A memorandum and order was originally filed on February 28, 2018, but was amended due to the trial court's missing signature on that order.

[3] It appears that the Nassers have abandoned their claim that the trial court erred by denying their motion to strike the default judgment.

> ***US Bank N.A. v. Mallory***, 982 A.2d 986, 994 (Pa. Super. 2009)
> (quoting ***ABG Promotions v. Parkway Publishing, Inc.***, 834
> A.2d 613, 615–16 (Pa. Super. 2003) (*en banc*) (quotations,
> quotation marks, and citations omitted)).
>
> Generally speaking, a default judgment may be opened if the
> moving party has (1) promptly filed a petition to open the default
> judgment, (2) provided a reasonable excuse or explanation for
> failing to file a responsive pleading, and (3) pleaded a meritorious
> defense to the allegations contained in the complaint. ***McFarland
> v. Whitham***, [] 544 A.2d 929 ([Pa.] 1988); ***Seeger v. First
> Union National Bank***, 836 A.2d 163 (Pa. Super. 2003).
> Moreover, we note the trial court cannot open a default judgment
> based on the "equities" of the case when the defendant has failed
> to establish all three of the required criteria. ***Seeger***, ***supra***.

***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 175–76 (Pa. Super. 2009)

(some citations omitted).

> We first consider whether the petition to open was filed timely.
>
> The timeliness of a petition to open a judgment is measured from
> the date that notice of the entry of the default judgment is
> received. The law does not establish a specific time period within
> which a petition to open a judgment must be filed to qualify as
> timel[y]. Instead, the court must consider the length of time
> between discovery of the entry of the default judgment and the
> reason for delay.
>
> * * *
>
> In cases where the appellate courts have found a "prompt" and
> timely filing of the petition to open a default judgment, the period
> of delay has normally been less than one month.

***US Bank N.A.***, 982 A.2d at 995 (quoting ***Castings Condo. Assoc., Inc. v.***

***Klein***, 663 A.2d 220, 223 (Pa. Super. 1995) (citations omitted)).

Instantly, the Nassers filed their petition approximately 16 days after

the entry of the default judgment, which is well under the one-month

- 4 -

timeframe set forth above. Accordingly, the Nassers have satisfied the first criterion, and we may now consider whether the Nassers have offered a reasonable excuse for the delay.[4] According to the Nassers, the reason they did not file an answer to the complaint was because their attorney "was in the process of attempting to negotiate a resolution to not only the mortgage foreclosure complaint but other issues [as well]." The Nassers' Brief at 7. However, this Court has held that excuses similar to this as being unreasonable. **See McEvilly v. Tucci**, 362 A.2d 259 (Pa. Super. 1976) (holding that the trial court did not abuse its discretion in concluding that a defendant's mistaken belief that a plaintiff would not pursue default during settlement negotiations was not a reasonable excuse); **Allegheny Hydro No. 1 v. Am. Line Builders, Inc.**, 722 A.2d 189, 194 (Pa. Super. 1998) (holding that where reasons amount to a deliberate decision not to defend, as opposed to being a mere oversight, are not excusable). Thus, we conclude that the Nassers did not set forth a reasonable excuse for the delay, and conclude that the trial court did not err in denying the Nassers' petition to open the default judgment.

Even assuming *arguendo*, as the trial court did, that the Nassers offered a reasonable excuse, we discern no abuse of discretion in the trial court's conclusion that the Nassers have not presented a meritorious defense. Trial

---

[4] The trial court did not address this issue.

- 5 -

Court Opinion, 2/28/2018, at 3. On appeal, the Nassers reiterate their position that they have "attempted to make payments upon the loans which [those] payments were refused by [Landmark]. Further, [the Nassers] aver that [Landmark] indicated they would only accept payments if [the Nassers] agreed to provide additional collateral on [other] loans." The Nassers' Brief at 8.

The trial court responded that even if the Nassers were attempting to make payments as they claim, that is still not a defense to their defaulting on the loans. "While [the Nassers] may be able to present evidence that may suggest that [Landmark] could have sought remedies with [the Nassers] other than the ultimate sanction of default, [the Nassers] do not present a meritorious defense[.]" Trial Court Opinion, 2/28/2018, at 3. We agree. In fact, the loan documents attached to the complaint permit Landmark to demand full payment upon default. *See* Complaint, 2/8/2017, at Exhibits A, B, C. Accordingly, attempts to make partial payments and attempts to settle this and other related cases are not meritorious defenses. Thus, we discern no abuse of discretion in the trial court's conclusion that the Nassers have failed to present a meritorious defense.

Having concluded that the Nassers are not entitled to relief, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2018