J-A04004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SEA-Z, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONI FILIPONE AND MAINLINE | : | |
| PARKOUR, LLC. | : | |
| | : | No. 1897 EDA 2019 |
| | : | |
| APPEAL OF: TONI FILIPONE | : | |

Appeal from the Order Entered June 5, 2019
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2017-08304

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*], and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED FEBRUARY 28, 2020**

Toni Filipone appeals from the order entered on June 5, 2019, in the

Montgomery County Court of Common Pleas, which denied Filipone's and

Mainline Parkour, LLC's ("Mainline Parkour") (collectively, "Defendants")

petition to open default judgment entered against it and in favor of Sea-Z,

LLC ("Sea-Z") in the amount of $108,641.69.[1] On appeal, Filipone claims the

trial court erred and abused its discretion in finding her petition to open

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In the petition to open default judgment, Filipone is described as the "managing member" of Mainline Parkour. Petition to Open Default Judgment, 4/18/2019, at ¶ 2. Mainline Parkour did not file a separate notice of appeal, and was not included in Filipone's notice of appeal. Accordingly, it is not a party to this appeal.

judgment did not establish an adequate excuse as to why a timely answer was not filed and did not present a meritorious defense. Based on the following, we affirm.

The trial court set forth the facts and procedural history as follows:

The action was commenced by Plaintiff Sea-Z, LLC ("Sea-Z"), by the filing of a Complaint on April 25, 2017, against Defendants Toni Filipone and Mainline Parkour, LLC ("Mainline Parkour"). The Complaint averred that Defendants were liable to Sea-Z for failure to pay amounts due under a written commercial Lease. A copy of the Lease was attached to the Complaint as Exhibit I. On the cover page of the Lease, immediately above the word "Tenant," appeared the names "Mainline Parkour and Toni Filipone." The first page after the cover page stated: "The parties are SEA-Z, L.L.C, ('Landlord') and Mainline Parkour/Toni Filipone ('Tenant')." 'The signature block for the Tenant, both on the last page of the Lease and on the last page of the attached Rules and Regulations, also identified the "Tenant" as "Main Line Parkour/Toni Filipone." Section 23 of the Lease, entitled "Miscellaneous," contained the following provisions:

"Tenant" means all names which appear before the term at the beginning hereof, irrespective of the pronoun used with respect to the term. This Lease contains the entire agreement of Landlord and Tenant except for any changes and additions to rules and regulations pursuant to Section 7(i), and is subject to change only by a writing referring to this Lease and executed by Landlord and Tenant.

On August 21, 2018, upon Praecipe filed by Sea-Z, a default judgment was entered against Defendants, for failure to plead to the Complaint, in the amount of $108,641.69. Attached to the Praecipe were copies of 10-day notices, pursuant to Rule 237.1 of the Pennsylvania Rules of Civil Procedure, that Sea-Z had previously mailed to each of the Defendants at two different addresses — 906 Old State Road, Berwyn, PA 19312 ("the Berwyn Address"), and 660 Kennedy Lane, Strafford, PA 19087 ("the Strafford Address").

On April 18, 2019, Defendants filed a Petition to Open Default Judgment. The Petition averred the following facts: that on May

9, 2017, service of the Complaint was unsuccessfully attempted on Defendants at the [Strafford] Address -— i.e., the address set forth in the Complaint and on the docket; that on November 6, 2017, Sea-Z caused the Complaint to be reinstated; that on November 30, 2017, service of the reinstated Complaint was made on Defendants at a different address — i.e., the [Berwyn] Address; that Sea-Z failed to update the docket with the Defendants' new address; that as a result, correspondence from the Court continued to be sent to the old [Strafford] Address and, thus, was not received by Defendants; that Defendants therefore did not receive notice of the entry of the default judgment at the time it was entered; that Defendants became aware of the default judgment only when they were notified of the issuance of a writ of execution by Plaintiff;[1] and that the Petition to Open was filed promptly after the Defendants learned of the default judgment.

_____

[1] The Petition does not state when Defendants received notice of the issuance of the writ. The docket indicates that a writ of execution, addressed to several banks as garnishees, was issued on March 6, 2019.

_____

Attached as Exhibit B to the Petition was Defendants' proposed Answer and New Matter to Plaintiff's Complaint. The Answer repeatedly denied that Ms. Filipone, individually, was a party to the Lease. In response to the remaining averments of the Complaint regarding the Lease and its alleged breach, the proposed Answer pleaded merely that the averments "reference a document which speaks for itself" and/or state "a conclusion of law for which no responsive pleading is required." It did not specifically deny any of the remaining averments relating to the terms of the Lease, the failure to make payment under the Lease, and other alleged breaches. The Defendants' New Matter consisted of an exhaustive list of defenses, pleaded conclusively without any supporting factual averments."[2]

_____

[2] The laundry list of affirmative defenses included statute of limitations, failure to state a claim, lack of meeting of the minds, unclean hands, justification, privilege, waiver and estoppel, statute of frauds, lack of sufficient consideration,

- 3 -

accord and satisfaction, collateral estoppel, res judicata, unjust enrichment, laches, consent, release, license, impossibility of performance, duress, gist of the action, and lack of standing, among other things.

_____

The Petition did not aver any reason for Defendants' failure to file a timely responsive pleading to the Complaint. Sea-Z filed an answer to the Petition on May 9, 2019.

Trial Court Opinion, 8/22/2019, at 1-3.

On June 5, 2019, the trial court denied the petition to open, stating:

Defendants' Petition does not assert any excuse for failing to file a timely answer, nor does it show a meritorious defense; rather, the Petition merely attached a proposed Answer consisting of general denials and a laundry list of affirmative defenses without any supporting factual averments. Since the Petition fails the second and third requirements of the three-part test, it is unnecessary to determine whether the Petition was promptly filed.

Order, 6/5/2019, at 1 n.1. Filipone filed this timely appeal.

Filipone first argues the trial court erred and/or abused its discretion in finding the petition to open judgment did not establish an adequate excuse for her failure to file a timely answer. Specifically, she states: (1) service of the default judgment was incorrectly directed to the Strafford address, but then subsequently served at the Berwyn address in November 2017; (2) Sea-Z certified that a ten-day notice of default judgment was served upon Filipone on January 2, 2018 *via* regular mail at both the Strafford and Berwyn addresses; and (3) Sea-Z's notice did not reference which address the Montgomery County Prothonotary mailed the ten-day notice. **See** Appellant's Brief, at 8-9. Filipone "believes notice of the entry of the default judgment was

mailed to the [incorrect] address of record[, the Stafford address,] which [Filipone] does not reside at," and she "only became aware of the [default judgment] entry at the time of garnishment of certain financial accounts." ***Id.***, at 9. In essence, Filipone's "adequate excuse" for not filing a timely answer is that Sea-Z failed to update the docket with her correct address, the Berwyn address, and consequently, any correspondence from the court was sent to the wrong address.

The opening of a default judgment is governed by Pennsylvania Rule of Civil Procedure 237.3. If a party filed a petition to open more than ten days after the entry of judgment, as Filipone did in the present case, we are guided by the following:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.
>
> ***Smith v. Morrell Beer Distributors, Inc.***, 2011 PA Super 183, 29 A.3d 23, 25 (Pa. Super. 2011).
>
> "In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading." ***Smith***, 29 A.3d at 25 (citation omitted). If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied. ***Myers v. Wells Fargo Bank, N.A.***, 2009 PA Super 241, 986 A.2d 171, 178 (Pa. Super. 2009). ***See McFarland v. Whitham***, 518 Pa. 496, 544 A.2d 929, 930-31 (Pa. 1988) (holding that failure to provide justifiable explanation for failing to respond to complaint in a timely manner was sufficient basis to deny petition); ***McCoy v.***

> ***Pub. Acceptance Corp.***, 451 Pa. 495, 305 A.2d 698, 700 (Pa.
> 1973) (holding that because appellant did not adequately explain
> the failure to answer the complaint, the trial court was justified in
> refusing to open the judgment); ***US Bank N.A. v. Mallory***, 2009
> PA Super 182, 982 A.2d 986, 996-97 (Pa. Super. 2009) (affirming
> denial of petition to open without needing to analyze third prong
> of test).

***U.S. Bank Nat'l Ass'n v. Watters***, 163 A.3d 1019, 1028 (Pa. Super. 2017),

*appeal denied*, 170 A.3d 973 (Pa. 2017).[2]

Here, as indicated above, the trial court determined Filipone failed to

satisfy the "legitimate excuse" and "meritorious defense" requirements for

opening a default judgment.[3] With respect to the "legitimate excuse" prong,

this Court has previously held: "whether an excuse is legitimate is not easily

answered and depends upon the specific circumstances of the case. The

appellate courts have usually addressed the question of legitimate excuse in

---

[2] Furthermore,

> [W]e will not hesitate to find an abuse of discretion if, after our
> o[w]n review of the case, we find that the equities clearly favored
> opening the judgment.
>
> An abuse of discretion is not a mere error of judgment, but if in
> reaching a conclusion, the law is overridden or misapplied, or the
> judgment exercised is manifestly unreasonable, or the result of
> partiality, prejudice, bias or ill will, as shown by the evidence or
> the record, discretion is abused.

***Dumoff v. Spencer,*** 754 A.2d 1280, 1282 (Pa. Super. 2000) (internal
quotation marks and citations omitted).

[3] As for the first prong (a prompt filing of a petition to open the default
judgment), the court "assumed, without deciding," that Filipone and Mainline
Parkour had satisfied that requirement. Trial Court Opinion, 8/22/2019, at 4.

the context of an excuse for failure to respond to the original complaint in a timely fashion." *Myers*, 986 A.2d at 176 (citation and brackets omitted). In finding Filipone did not establish the "legitimate excuse" prong, the trial court opined:

> Although the Petition contained extensive allegations to explain why Defendants failed to file the Petition promptly after entry of the default judgment, the Petition sets forth no averments to explain their failure to file a timely answer to the Complaint in the first place. Defendants acknowledge that they were served with the reinstated Complaint at their [Berwyn] Address on November 30, 2017. (Pet. to Open Default J., ¶ 10.) They do not deny that they received the 10-day notices sent to them at the [Berwyn] Address. Nevertheless, the Petition provides no reason, much less "an adequate excuse," why a timely answer was not filed. This failure alone is a sufficient ground for denial of the Petition. *See Seeger v. First Union Nat. Bank*, 836 A.2d 163 (Pa. Super. 2003) (holding that petition to open default judgment was promptly filed and showed meritorious defense, but affirming denial of petition for failure to show sufficient excuse for failure to timely plead to complaint).

Trial Court Opinion, 8/22/2019, at 4. We agree with the trial court's conclusion.

Here, in the petition to open, Filipone explicitly acknowledged she received service of the reinstated complaint, alleging that "[o]n November 30, 2017, both Defendants were served [the Complaint], by the Chester County Sheriff." Petition to Open Default, 4/18/2019, at ¶ 10.[4] However, she failed to offer any excuse as to why she did not respond to the original complaint in a

_____

[4] Likewise, Filipone does not deny Sea-Z served the 10-day notice of default judgment at the correct address. *See* Appellant's Brief, at 8.

timely fashion. Rather, in her petition, and now on appeal, she ignores this admission and blames Sea-Z's failure to update the docket with the Berwyn address as her basis for not being able to respond to the default judgment in accordance with the Pennsylvania Rules of Civil Procedure. ***See id.***, at ¶ 11-14, Appellant's Brief at, 11-12.

Filipone's explanation cannot establish that her failure to timely respond to the November 2017 complaint was justified. Therefore, we conclude the trial court did not err and/or abuse its discretion in finding that Filipone failed to meet the "legitimate excuse" prong necessary to open a default judgment.

We acknowledge the failure to fulfill any one prong of the "petition to open judgment" test is fatal to the petition, and we may affirm on that basis. ***See Myers***, 986 A.2d at 178. Nevertheless, because the trial court discussed the "meritorious defense" prong, we will address Filipone's second argument.

Filipone asserts the court erred and/or abused its discretion by finding her answer and new matter did not present a meritorious defense pursuant to the "petition to open judgment" test.  ***See*** Appellant's Brief, at 12. Filipone states, "In order to have a meritorious defense[, she] need only allege a defense that if proven at trial would provide relief." ***Id.*** (citation omitted). To support that contention, she points to her proposed answer and new matter, in which she "strictly denie[d] any personal liability and personal entry into the Lease," and denied "enter[ing] into a contractual agreement" with Sea-Z. ***Id.***, at 13-14 (reproduced record citations and quotation marks omitted).

Keeping our standard of review in mind, this Court has previously described the meritorious defense prong as follows:

> "The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief." ***Provident Credit Corporation v. Young***, 300 Pa.Super. 117, 446 A.2d 257, 262 (1982) (citation omitted). "The defendant does not have to prove every element of [its] defense, however, [it] must set forth the defense in **precise, specific and clear terms**." ***Castings Condominium Association v. Klein***, 444 Pa.Super. 68, 663 A.2d 220, 224 (1995) (citation omitted).

***Penn-Delco Sch. Dist. v. Bell Atl.-Pa, Inc.***, 745 A.2d 14, 19 (Pa. Super. 1999) (emphasis added).

> Merely asserting in a petition to open default judgment that one has a meritorious defense is insufficient. The moving party must set forth its meritorious defense. If any one of the alleged defenses would provide relief from liability, the moving party will have pled a meritorious defense and will have satisfied the third requirement to open the default judgment.

***Seeger***, 836 A.2d at 166 (citations omitted). Furthermore, we note that in ***Smith***, a panel of this Court concluded that a defendant failed to "set forth a meritorious defense supported by verified allegations of fact" because the petition contained only "conclusions of law and challenges to [the plaintiff's] proof." ***Smith***, 29 A.3d at 28.

Here, the trial court found the petition "itself contained no statement of a meritorious defense but rather relied on the averments of Defendants' proposed [a]nswer attached to the [p]etition." Trial Court Opinion, 8/22/2019, at 5. Moreover, the court determined Filipone's specific averment in her

- 9 -

proposed answer, that she was not party to the lease with Sea-Z, was "precluded by the terms of the Lease itself." *Id.* The court explained:

> At four locations — the cover page, the first page following, the signature block for the Lease, and the signature block for the attached Rules and Regulations — the "Tenant" is identified as Mainline Parkour and Toni Filipone. Section 23 of the Lease provides that the term "Tenant" means "all names" used with respect to that term. Especially in view of the integration clause in section 23, Ms. Filipone cannot contradict these clear and unambiguous written terms. ***See***, ***e.g.***, ***E.R. Linde Constr. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa. Super. 2013).

Trial Court Opinion, 8/22/2019, at 5.

We agree with the trial court's conclusion. First, a review of the petition to open supports the court's finding where not only did Defendants fail to identify a defense, they did not even aver they had a meritorious defense. Rather, they merely alleged: "Based on this prompt petition and their **more than reasonable defense**, the [d]efault [j]udgment should be vacated against these [d]efendants and the pending levy should be lifted immediately as placement of such levy is a constitutional violation." Petition to Open Default, 4/18/2019, at ¶ 16 (emphasis added). Consequently, based on the petition itself, Filipone's claim necessarily fails.

Second, other than boilerplate allegations of "strictly" denying Filipone is "a party to the Lease subject to this litigation" and that she denies "any

personal liability or personal entry into the Lease,"[5] her attached answer fails to provide a meritorious defense supported by any verified factual allegations. *See Smith*, 29 A.3d at 28. Third, as the trial court properly found, Filipone's purported defense is precluded by the clear and unambiguous terms of the lease and that her name is identified as the tenant throughout the lease. *See Trial Court Opinion*, 8/22/2019, at 5. Accordingly, Filipone's second argument warrants no relief.[6]

In sum, because Filipone failed to satisfy all of the requirements for a petition to open, the trial court's denial of relief was proper. *See Myers*, 986 A.2d at 178; *McCoy*, 305 A.2d at 700.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/20

---

[5] Petition to Open Default, 4/18/2019, at Exhibit I, Answer and New Matter to Plaintiff's Complaint, ¶¶ 2 and 8.

[6] Filipone does not allege the trial court erred in denying relief with respect to the 34 defenses she raises in her proposed new matter. *See* Appellant's Brief, at 12-16; *see also* Petition to Open Default, 4/18/2019, at Exhibit I, Answer and New Matter to Plaintiff's Complaint, ¶¶ 50-83. She references one defense, statute of limitations, in her argument when quoting a case, *Stauffer v. Hevener*, 881 A.2d 868 (Pa. Super. 2005), but makes no further comment on it. *See* Appellant's Brief, at 13. Accordingly, Filipone has waived any argument with respect to those identified defenses.