467 A.2d 321

OLIVETTI CORPORATION OF AMERICA, Petitioner,

v.

SILIA PROPERTY, INC., an alleged corporation and Andrew L. Matsko, Nicholas Silia, individually and as partners trading as Silia Properties, Inc., Respondent.

Supreme Court of Pennsylvania.

Nov. 7, 1983.

---

## ORDER

PER CURIAM.

The petition for allowance of appeal is granted.

 The due process requirement that a good faith effort to locate a defendant who conceals his whereabouts must be shown before substituted service on him is allowed has been amply established on the record. Indeed, the trial court has found that defendant did in fact conceal his whereabouts. Under such circumstances a dismissal for failure to obtain jurisdiction over his person because the notice asking the sheriff to make substituted service did not set forth a good faith effort to locate defendant would exalt form over substance.

The order of the Superior Court, 460 A.2d 861, is reversed and the record is remanded to the Court of Common Pleas of Allegheny County for further proceedings consistent with this order.

NIX, J., files a concurring opinion.

ZAPPALA, J., files a dissenting opinion.

NIX, Justice, concurring.

I concur in the result because of the untimely filing, without explanation, of the Motion to Strike.

ZAPPALA, Justice, dissenting.

I dissent from the Per Curiam Order entered this date because the record is void of any evidence establishing that any effort was made to personally serve the respondent. The record only indicates that the petitioner was unaware of the current address of the respondent. No attempt whatsoever was made to locate the respondent. Accordingly, the petitioner has failed to demonstrate the "good faith effort" as required under the old Pa.R.Civ.Pro. 2079.

Our conclusion is reinforced in that the amendment to Rule 2079 requires an affidavit of due diligence as a condition precedent to alternative service.