485 A.2d 480

**CONTINENTAL BANK**

v.

**Robert F. RAPP and Sybil Rapp, a/k/a Sybil Sylvania-Rapp, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 6, 1984.

Filed Dec. 5, 1984.

William J.C. O'Donnell, Philadelphia, for appellants.

Robert Cherwony, Philadelphia, for appellees.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

In this case, a companion to *Continental Bank v. Rapp*, No. 1270 Philadelphia 1983, Robert and Sybil Rapp contest the lower court's refusal to strike or to open a default judgment taken in a mortgage foreclosure action. Appellants argue that the court below should have granted their motion to strike because the judgment was defective on its

face. They maintain the petition to open should have been granted because they had no reason to know of the pending action, and have a meritorious defense.

The facts are these: The Rapps borrowed $200,000 from Continental Bank in 1980, and in return granted a mortgage on their property at 2023–2025 Locust Street in Philadelphia. On February 25, 1982, when the Rapps were three months in arrears, the bank filed a complaint in mortgage foreclosure. Service of the foreclosure complaint on Robert and Sybil Rapp individually was attempted by the sheriff on March 22, 1982. The returns are marked "no answer." Reproduced record at 42a, 43a.

Counsel for Continental then filed an affidavit pursuant to Local Rule 141,[1] stating that the whereabouts of the

---

1. Local Rule 141 is the local version of Pa.R.C.P. No. 2079(d), 42 Pa.C.S., and permits service under the same circumstances as Rule No. 2079:

**Rule 141. Alternative Service.**
**A. Right of Service.**
Pursuant to Pa.R.C.P. 2079(d) plaintiff has the right of service in such manner as the Court by special Order shall direct in cases where a resident defendant has, by concealment of his whereabouts or other means, obstructed or prevented service.
**B. Procedure.**
When a return of "Not Found" or its equivalent has been made after more than one attempt to make service by the sheriff or where the first return of "Not Found" indicates that further attempts at personal service would not be successful, plaintiff's counsel may request an order permitting service of the Complaint by regular mail to defendant's last known address by filing an affidavit in accord with either 1. and 2. or 3. below, accompanied by an attached copy of the current docket entries.
1. An averment of a good faith investigation made to ascertain the present residence of the defendant which must consist of at least three of the following:
a. An examination of telephone directories.
b. Inquiries made of neighbors or relatives.
c. Inquiries made of employers or former employers.
d. Inquiries made of credit bureaus.
e. An examination of public records or any other records required to be kept by law, i.e., information from Post Office Department pursuant to Freedom of Information Act, Bureau of Motor Vehicles, etc.
f. Any other specifically averred investigation which is reasonably calculated to provide information on defendant's whereabouts.

defendants was unknown, and requested permission for alternative service. The court granted permission to serve by ordinary mail, certified mail, and by posting. The sheriff mailed certified letters containing the complaint to Robert and Sybil Rapp individually on May 27, 1982, and posted the premises on June 16, 1982. Robert Rapp's signature appears on the return receipts for both certified letters.

Receiving no answer, counsel for the bank filed for default judgment on July 7, 1982. On August 3, counsel filed for a writ of execution against the property. On August 18, the sheriff's office received a return receipt, signed by "Susan Morrison," for the writ of execution sent to each of the Rapps, and on August 20, counsel for the Rapps moved the court for a stay of execution pending disposition of the motion to strike and petition to open judgment which counsel had filed the same day. The stay was granted, but on April 13, 1983, the court denied the motion and dismissed the petition. It stated that the judgment was not defective for ineffective service, and since service had been effected, there was no excuse for defendants' failure to appear. This appeal followed.

Appellants argued to the court below that service had not been made on them, and so the judgment was defective for the court's lack of personal jurisdiction over them. They contended the plaintiff had failed to certify to the prothonotary on the date of filing its praecipe that defendants had been notified of plaintiff's intention to file. Additionally, they argued that they had a meritorious defense to the

2. In addition to the requirements set forth in paragraph 1. above, affidavits shall include the specific inquiries made and the specific responses received from the plaintiff's investigation, including the dates thereof. If inquiries and/or responses were made by mail, a copy of all correspondence shall be submitted with the required affidavit.
3. An averment that to the best of plaintiff's counsel's personal knowledge, information and belief the address given is defendant's residence and the manner in which said address was obtained.

General Court Regulation 81–6, effective July 14, 1981.

foreclosure because the bank had breached its obligation to make progress payments for renovations to the building.

After studying the record, statutes and cases, we conclude that the lower court correctly denied the motion to strike and dismissed the petition to open judgment. We therefore affirm the order of the court below.

### The Motion to Strike

■ The test for whether a default judgment should be stricken asks whether the judgment is facially valid. *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974). It is proper for the court to strike when the judgment has a fatal defect on its face. *Gee v. Caffarella*, 300 Pa.Super. 480, 446 A.2d 956 (1982).

■ Appellants make a number of imaginative arguments regarding defects on the face of the record. The standard for "defects" asks whether the procedures mandated by law for the taking of default judgments have been followed. *See Gee v. Caffarella, supra.*

Here, appellants argue that the certified mail service on Robert Rapp was improper because personal service is mandated absent certain circumstances, and those circumstances did not exist. Assuming arguendo that certified mail service was proper, they aver that service was never made on Sybil Rapp because she never signed for the certified letter containing the complaint.

■ Appellants' argument goes to the power of the court to pass judgment on them, rather than procedural defects. If service was improper, the court did not have jurisdiction over the persons of the defendants, and its judgment should have been stricken as void. *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 272 Pa.Super. 462, 416 A.2d 549 (1979).

■ With regard to personal jurisdiction: personal service by the sheriff is preferred in Pennsylvania in mortgage foreclosures. *See, e.g.*, Pa.R.C.P. No. 1145, 42 Pa.C.S. (complaint shall be served by sheriff upon defendants). The

rule permits mail service, however, if the plaintiff files an affidavit stating that the defendant's whereabouts are unknown. Pa.R.C.P. No. 1145(c). This was done, and the alternative service was ordered properly. Reproduced record at 16a.[2]

■ Appellants argue that Sybil Rapp was never served by certified mail, noting in the court below that her signature never appears on a certified mail receipt. This is true, but her husband's signature appears on her letter's receipt. We hold that service by certified mail on one spouse and co-defendant will be deemed to have been made when the other spouse and co-defendant accepts service at their mutual home. It would be absurd to permit husband-wife defendants to evade judgment simply by alleging that one partner never told the other of service by certified mail received on her behalf. Service was made on Sybil Rapp.

■ Since there was proper service on both defendants in the action, the court had jurisdiction and the judgment

2. The cited rules apply specifically to mortgage foreclosures. *See* Pa.R.C.P. No. 1141, 42 Pa.C.S. They do not displace all other procedural rules, however, by the terms of Pa.R.C.P. No. 1141(b).

Under Local Rule 141, the Philadelphia County Court of Common Pleas may order service when the whereabouts of the defendant are unknown and the plaintiff has acted diligently to locate him—the same requirements as exist under Pa.R.C.P. No. 2079. For mail service to be properly ordered, the plaintiff must make a good faith effort to determine the defendant's physical whereabouts, by (1) inquiries of postal authorities, (2) inquiries of neighbors, and (3) examination of local telephone directories. Note to Pa.R.C.P. No. 2079.

Here, the record contains an affidavit by plaintiff's attorney that such steps had been taken. The service by certified mail was proper under the circumstances. *See Olivetti Corp. of America v. Silia Property, Inc.*, 502 Pa. 538, 467 A.2d 321 (1983) (holding that lack of information in request to sheriff for substitute service on good faith effort to find defendant did not invalidate service.)

We also note that appellants complain that service by ordinary mail was not made, and that this omission justifies an order striking the judgment. Appellants' brief at 11. This contention is meritless. The underlying purpose of service rules is to ensure that the defendant knows of the pending action. *See Branch v. Foort*, 397 Pa. 99, 152 A.2d 703 (1959). We think that the Rapps knew of the pending action by means of the certified letters for which Robert Rapp signed.

cannot be stricken for that reason. We turn now to other procedural arguments made by appellants.

Appellants complain that the judgment was defective on its face because appellee failed to attach a certification of notice to the praecipe for judgment by default. Under Pa.R.C.P. No. 237.1, 42 Pa.C.S., such certification is required before judgment by default may be entered.[3]

The record shows no certification as required by the rule. It does, however, include affidavits as to service of the complaints on Robert and Sybil Rapp. Such affidavits were required under an old rule of civil procedure, former Pa.R. C.P. No. 2082.[4]

■ Appellee notes that Rule 237.1 does not apply, however, when the action is a mortgage foreclosure governed by Act 6 of 1974, 41 P.S. § 101 *et seq.* Appellee contends that the Act applies here. We disagree. The Act applies, by its terms, to mortgages for $50,000 or less. See Rueter, *Mortgage Foreclosure in Pennsylvania,* 85 Dick.L.Rev. 275, 282 (1981). This mortgage was for $200,000, and therefore the special law governing notice of foreclosure for owners of relatively modest homes does not apply.

3. The Rule states:
 **Rule 237.1. Notice of Praecipe for Entry of Default Judgment**
 (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice of agreement shall be attached to the praecipe.
 (b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 et seq.

4. Affidavits such as those filed were required procedure under the old rules, former Pa.R.C.P. No. 2082, 42 Pa.C.S., rescinded December 14, 1979, effective February 1, 1980. The new rule, Pa.R.C.P. No. 237.1, requires notice of intent to take a default judgment be sent to defendants ten days prior to filing of the praecipe for entry of judgment.

The bank, apparently unaware that Act 6 did not apply, sent to the Rapps a standard three-page letter on January 15, 1982, explaining in detail the consequences of a continued default in mortgage payments.[5] The Rapps have never denied receiving this letter. They rely instead on the variance between that letter and the notice required by Pa.R. C.P. No. 237.1.

Had counsel for the bank sent notice to the Rapps that a default judgment would be taken unless defendants acted within ten days, the Rapps' contention would be meritless. It is apparent, however, that counsel followed the old rule for notice and failed to send the letter required by Pa.R.C.P. 237.1.

 The reason for the adoption of Pa.R.C.P. No. 237.1 was to avoid the taking of "snap judgments" immediately after the period for filing an answer to a complaint had run. *See* Pa.R.C.P. 237.1 Explanatory Note—1979. This Court strongly disapproved the entry of default judgments on the twenty-first day after the complaint had been filed in *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974), and *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super. 369, 396 A.2d 799 (1979). The taking of such default judgments is unjust to the defendant. *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super. at 374, 396 A.2d at 802.

 Here, appellee gave notice 30 days before taking action, as required by Act 6. Act 6 was intended to afford homeowners who were in dire economic straits a measure of protection from over-enthusiastic mortgagees. *See Mortgage Foreclosure in Pennsylvania, supra,* at 287. Its notice procedures are more stringent than the notice requirements of Pa.R.C.P. 237.1. We hold that notice given under Act 6 is sufficient to satisfy the notice requirements of Pa.R.C.P. No. 237.1 in the circumstances of this case. *See* Pa.R.C.P. No. 126, 42 Pa.C.S. ("The court at every

5. The letter is headed "This is a notice of default and of Continental Bank's intent to foreclose on your mortgage pursuant to Pennsylvania Act No. 6 of 1974." The letter explains the bank's rights of acceleration, foreclosure, possession, eviction, and the Rapps' personal liability for the balance of the mortgage. Reproduced record at 38a–40a.

stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.")

## The Petition to Open Judgment

■ Appellants argue that the judgment should have been opened because they have a meritorious defense—that the bank breached its agreement to lend them enough money to renovate their home and attract student lessees. Ordinarily, three factors must be present for a court to open a default judgment: (1) the petition to open must be timely filed, (2) the failure to file a timely answer must be excused, and (3) the party seeking to open must have a meritorious defense. *Maiorana v. Farmers & Merchants Bank*, 319 Pa.Super. 338, 466 A.2d 188 (1983); *Sines v. Packer*, 316 Pa.Super. 500, 463 A.2d 475 (1983).

■ By our reasoning in the first part of this opinion, Robert and Sybil Rapp had no excuse for their failure to respond to the mortgage complaint. They had notice of the pending action, and yet failed to file an appearance or do anything to answer the complaint. Appellants' request that we overturn the trial court's refusal to open must be denied.

The order of the lower court denying the motion to opening judgment and dismissing the petition to strike is affirmed.