## National Bank of Olyphant v. Mantyka

*Jonathan A. Spohrer,* for plaintiff.
*William T. Jones,* for defendant.

MUNLEY, *J.,* July 1, 1992—Defendants have moved to strike or to open a default judgment taken in a residential mortgage foreclosure action on the grounds that the plaintiff failed to comply with the notice requirements of Act. No. 6 of 1974, P.L. 13, 41 P.S. §101 et seq. and/or failed to give the ten-day notice of his intention to praecipe the judgment as required by Pa.R.C.P. 237.1. For the ensuing reasons, defendants' motion is sustained.

The relevant facts are as follows. By written agreement, defendants borrowed $178,000 from plaintiff bank, evidenced by a note dated November 3, 1989, and in return were granted a mortgage on their property. Thereafter, on December 24, 1990, the parties agreed to modify the terms and conditions of the note and mortgage whereby the outstanding principal was increased to $200,000. A default occurred on August 13, 1991. Plaintiff advised defendants of the default in a letter captioned "notice of intention to foreclose mortgage," as required by section

403 of Act No. 6. On March 9, 1992, a praecipe for default judgment was filed with the court to enter a judgment in favor of the plaintiff and against the defendants in the amount of $236,870.14. An execution sale was scheduled for May 26, 1992, and then rescheduled for July 28, 1992. No notice of intention to enter the default judgment was given under Pa.R.C.P. 237.1.

Plaintiff argues that it was not required to give notice under Pa.R.C.P. 237.1 because subsection (b) of that rule provides that it "does not apply to ... (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. §101 et seq." The aforesaid Act is a statutory promulgation which is intended to provide protection for residential property which is encumbered by an obligation of $50,000 or less. In essence, section 403 of the Act precludes action by a lender upon a "residential mortgage" without notice by registered or certified mail at least 30 days in advance. The term "residential mortgage" is defined in section 101 of the Act as an obligation to pay a sum of money in an original principal amount of $50,000 or less.

Defendants argue that plaintiff cannot rely upon Act 6 notice to supplant the notice requirements of Pa.R.C.P. 237.1, because the original obligation in the matter sub judice was in excess of $50,000. Defendants posit that the instant case is analogous to the *York Bank & Trust Co. v. Miller,* 28 D.&C.3d 486 (1984), wherein an Act 6 notice of default was forwarded to defendants for an obligation in excess of $50,000. No notice of default was sent pursuant to Pa.R.C.P. 237.1 The defendant in York moved to strike the judgment and the court found that the forwarding of an Act 6 notice did not relieve the plaintiff of complying with Pa.R.C.P. 237.1(a). We disagree with defendants and find that the facts in *York* are not analogous to the facts in this case. *York* held

that the defendant's guaranty agreement did not fall within the definition of Act 6, because, among other reasons, it was not a lien upon real estate. The defendants were guarantors for repayment of a loan made by plaintiff to a corporation. Whereas in the instant matter, defendants are guarantors for repayment of a loan made by plaintiff for real estate.

We determine that the notice requirements provided for in Act 6 are mandatory in nature for those mortgages under $50,000, however, the provisions of Act 6 do not specifically exclude residential mortgages over $50,000. Plaintiff bank's election to provide notice of default under Act 6 is good business practice and is sufficient to satisfy the notice requirements under Pa.R.C.P. 237.1. *Continental Bank v. Rapp,* 336 Pa. Super. 160, 485 A.2d 480 (1984). Pennsylvania courts abhor the taking of "snap judgments" immediately after the period for filing an answer to a complaint has run; such taking of default judgments is unjust to defendants. See Pa.R.C.P. 237.1, *explanatory note,* 1979. In the instant case, plaintiff gave notice 30 days before taking action, as required by Act. 6. The notice requirements of Act 6 are more stringent than the notice requirements of Pa.R.C.P. 237.1, which require at least 10 days notice. Defendants would like the court to penalize plaintiff for electing to provide for an additional 20 days notice, this we will not do.

Next, defendants argue that they never received notice of default because plaintiff did not send notice to the correct address. Plaintiff argues that it sent notice of default to defendants, registered mail, as prescribed by Act 6, and by regular mail. We are concerned in this action with plaintiff's compliance with the Act 6 requirement of notice by certified or registered mail. Section 403(b) of the Act requires notice to be sent to the last known address or, if different, to the residence which

is the premises that are subject to the mortgage. Notice was sent to Lot 58, which defendants assert is not their recognized mailing address. After a careful review of the record, we find that notice was sent registered mail in complete compliance with Act 6, however, the return receipts are stamped "unclaimed," thus defendants were never in receipt of the notice of default.

The test for determining whether a default judgment should be stricken is whether the judgment is facially valid. The court must strike a judgment that has a fatal defect on the face of it. *Id.* at 483. We determine that defendants' notice by registered mail service was proper, however service upon defendants was never completed. Thus, service was essentially improper, and the court did not have jurisdiction over the person of the defendants when judgment was entered, its judgment must be stricken as void.

Since we find service was improper and the judgment will be stricken, we do not find it necessary to address the other procedural arguments made by defendants in this action. An appropriate order will follow granting defendant's motion to strike default judgment.

### ORDER

And now, July 1, 1992, defendant's motion to strike default judgment is hereby sustained.