J-A19039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COLLEEN WHITE AND MICHAEL WHITE (W/H) | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARTY D'ACCHIOLI AND ALBERTO D'ACCHIOLI, d/b/a, a/k/a, D'ACCHIOLI CONSTRUCTION, INC. | : | No. 58 EDA 2019 |
| | : | |

Appellant

Appeal from the Order Entered November 17, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 130501691

BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 22, 2019**

Marty D'Acchioli and Alberto D'Acchioli, d/b/a, a/k/a, D'Acchioli Construction, Inc., (collectively "the D'Acchiolis") appeal from the November 17, 2018, order entered in the Court of Common Pleas of Philadelphia County, which denied their petition to open and/or strike a default judgment entered against them and in favor of Colleen White and her husband, Michael White (collectively "the Whites"). After a careful review, we affirm.

The relevant facts and procedural history are as follows: On May 17, 2013, the Whites instituted the instant suit via a writ of summons, and they engaged a process-serving company to serve the writ of summons. With regard to Marty D'Acchioli, the return of service indicates service was

_____

\* Former Justice specially assigned to the Superior Court.

effectuated on May 22, 2013, at 1539 Rhawn Street in Philadelphia, by handing the writ of summons to an "[a]dult family member with whom said Defendant(s) reside. Name and relationship: Alberto D'Acchioli/Father." With regard to Alberto D'Acchioli d/b/a, a/k/a, D'Acchioli Construction, Inc., the return of service indicates service was effectuated on May 22, 2013, at 1539 Rhawn Street in Philadelphia, by handing the writ of summons to Alberto D'Acchioli personally.

Thereafter, on July 2, 2013, the Whites filed a complaint naming the D'Acchiolis as defendants[1] and providing them with notice to defend within twenty days. Therein, the Whites averred they leased a home from Jason Cooperstein and his wife, Daniella Maria Puccini-Cooperstein, who hired the D'Acchiolis to perform paving, excavating, and surfacing work on the subject premises. On May 19, 2011, Mrs. White attempted to wheel a trashcan across the corner of the torn up driveway, and the trashcan's wheels became stuck in the mud. As Mrs. White tried to pull the trashcan out of the mud, she fell backwards and twisted with her feet firmly stuck in the mud, resulting in her landing on the ground with the trashcan on top of her. Mrs. White suffered injuries as a result of the fall, and thus, she presented claims of negligence against the D'Acchiolis, and Mr. White presented claims of loss of consortium.

---

[1] The Whites named additional defendants. The record contains a stipulation that the Whites' claims against all defendants, except for those against Marty and Alberto D'Acchioli, d/b/a, a/k/a, D'Acchioli Construction, Inc., have been settled or dismissed.

The Whites again hired the process-serving company to serve the civil complaint. With regard to Marty D'Acchioli, the return of service indicates service was effectuated on July 15, 2013, at 1539 Rhawn Street in Philadelphia, by handing the complaint to an "[a]dult family member with whom said Defendant(s) resides. Name and relationship: Anthony D'Acchioli/Brother." With regard to Alberto D'Acchioli d/b/a, a/k/a, D'Acchioli Construction, Inc., the return of service indicates service was effectuated on July 15, 2013, at 1539 Rhawn Street in Philadelphia, by handing the complaint to an "[a]gent or person in charge of Defendant(s) office or usual place of business. Anthony D'Acchioli/Authorized Agent."

The D'Acchiolis did not file an answer to the complaint, and the Whites filed a ten-day notice of their intent to file a default judgment against the D'Acchiolis. The Whites' attorney filed an affidavit of service verifying that he served the ten-day default notice by certified and regular mail upon the D'Acchiolis. He attached to the affidavit of service the signed certified mail forms, which indicated the ten-day notice was sent to Marty D'Acchioli, at 1539 Rhawn Street in Philadelphia, on August 19, 2013, via certified mail. The ten-day notice was sent to Alberto D'Acchioli, d/b/a, a/k/a, D'Acchioli Construction, Inc., at 1539 Rhawn Street in Philadelphia, on August 19, 2013, via certified mail. Both return receipts for the certified mailings bear the signature of "Marty D'Acchioli."

On January 30, 2014, the Whites filed a praecipe for the entry of a default judgment against Marty D'Acchioli and Alberto D'Acchioli, d/b/a, a/k/a, D'Acchioli Construction, Inc. The certified docket entries reveal that, on that same date, judgment was entered against the D'Acchiolis by default, and the Prothonotary sent the required notices pursuant to Pennsylvania Rules of Civil Procedure 236 and 237.1. Moreover, the Whites' attorney filed an affidavit of service indicating he sent the praceipe to enter default judgment to Marty D'Acchioli and Alberto D'Acchioli, d/b/a, a/k/a, D'Acchioli Construction, Inc., to 1539 Rhawn Street in Philadelphia via certified and regular mail. Thereafter, following a non-jury trial on damages, on April 13, 2015, the trial court entered judgment in favor of the Whites in the amount of $545,000.[2] The certified docket entries reveal that, on that same date, the Prothonotary gave notice of the assessed damages as required by Pennsylvania Rule of Civil Procedure 236.

On September 14, 2018, the D'Acchiolis filed a petition to open and/or strike the default judgment.[3] Specifically, the D'Acchiolis argued the judgment should be stricken as to Marty D'Acchioli on the basis he was never properly served with the writ of summons or complaint. They further argued

---

[2] The trial court awarded Mrs. White $450,000.00 in damages, and Mr. White $95,000.00 for loss of consortium.

[3] We note the D'Acchiolis attached to the petition a proposed answer with new matter as to the Whites' complaint.

the judgment should be stricken as to Alberto D'Acchioli, d/b/a, a/k/a, D'Acchioli Construction, Inc., since his son, Marty D'Acchioli, as opposed to Alberto D'Acchioli himself, signed the certified mail receipt for the ten-day default judgment notice; Alberto D'Acchioli was not properly served with the complaint; and Alberto D'Acchioli had no involvement with D'Acchioli Construction, Inc.

Moreover, the D'Acchiolis averred the judgment should be opened since the amount of damages was excessive; Alberto D'Acchioli had no involvement with the driveway work, which was performed solely by his son, Marty D'Acchioli; the D'Acchiolis have a meritorious defense; Marty D'Acchioli was not negligent; and Mrs. White did not sustain an injury. Finally, the D'Acchiolis averred the judgment should be opened since the reason they did not file "a more immediate response is because each was not properly served the underlying writ of summons, complaint[,] and notice of default. Also, [Appellant] Alberto D'Acchioli was never served as an individual party but as [a] party acting on behalf of a business." The D'Acchiolis' Petition to Open and/or Strike the Default Judgment, filed 9/14/18.

On October 19, 2018, the Whites filed an answer to the D'Acchiolis' petition to open and/or strike the default judgment, and by order entered on November 17, 2018, the trial court denied the D'Acchiolis' petition to open and/or strike the default judgment. On November 27, 2018, the D'Acchiolis filed a motion for reconsideration, to which the Whites filed an answer, and

on December 10, 2018, the trial court denied the D'Acchiolis' motion for reconsideration. On December 14, 2018, the D'Acchiolis filed a timely notice of appeal. The trial court directed the D'Acchiolis to file a Pa.R.A.P. 1925(b) statement, the D'Acchiolis timely complied, and the trial court filed a responsive opinion on April 1, 2019.

On appeal, the D'Acchiolis aver the trial court erred in denying their petition to open and/or strike the default judgment.[4] We begin our analysis by observing that when one is challenging a judgment, he or she may file a petition to open the judgment, strike the judgment, or both. "A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." **Stauffer v. Hevener**, 881 A.2d 868, 870 (Pa.Super. 2005). "A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment is the remedy sought by one who complains of fatal irregularities appearing on the face of

---

[4] We note the D'Acchiolis list five separate issues in their "Statement of Questions Involved"; however, they have presented three argument sections in which they intermingle the issues presented. Specifically, in their first argument section, they set forth the legal standards pertaining to this Court's review of the trial court's denial of a petition to open and/or strike a default judgment; in their second argument section, they set forth their analysis as to the reasons the trial court allegedly erred in failing to strike the default judgment; and in their third argument section, they set forth their analysis as to the reasons the trial court allegedly erred in failing to open the default judgment. We shall, likewise, address the D'Acchiolis' issues collectively where appropriate.

the record." ***U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1027-28 (Pa.Super. 2017) (internal citations and quotation marks omitted).  Here, the D'Acchiolis filed both a petition to open and a petition to strike.  We first consider the D'Acchiolis' arguments regarding their petition to strike the default judgment.

An appeal from the denial of "[a] petition to strike a default judgment presents us with a question of law; consequently, our standard of review is *de novo* and our scope of review is plenary." ***Id.*** at 1028 n.9.

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record.  A petition to strike the judgment may be granted only for a fatal defect or irregularity appearing on the face of the record....An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.  When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered.

***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 549 Pa. 84, 700 A.2d 915, 917 (1997).  "[A] petition to strike is not a chance to review the merits of the allegations of a complaint.  Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." ***Oswald v. WB Public Square Associates, LLC***, 80 A.3d 790, 794 (Pa.Super. 2013) (citation omitted).  "The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." ***Continental Bank v. Rapp***, 485 A.2d 480, 483 (Pa.Super. 1984) (citation omitted).  ***See Liquid Carbonic Corp. v. Cooper***

*& Reese, Inc.*, 416 A.2d 549, 550 (Pa.Super. 1979) ("If the record is self-sustaining, the judgment cannot be stricken.") (quotation and quotation marks omitted)). A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 388 (Pa.Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. *See id.*

The D'Acchiolis claim the following fatal defects appear on the face of the record and, thus, the trial court should have stricken the default judgment: (1) Alberto D'Acchioli was not served with the ten-day notice of intent to file a default judgment as is required by Pa.R.Civ.P. 237.1; and (3) Marty D'Acchioli, although served with the ten-day notice of intent to file a default judgment, was not served with original process.[5]

---

[5] In their brief, the D'Acchiolis additionally aver the default judgment ought to be stricken because Alberto D'Acchioli was not served with the Whites' complaint. However, this issue is waived as it was not presented in the D'Acchiolis' court-ordered Pa.R.A.P. 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Further, the D'Acchiolis aver in their brief that the default judgment ought to be stricken since Alberto D'Acchioli was neither doing business as nor was known as "D'Acchioli Construction, Inc." However, in their Pa.R.A.P. 1925(b) statement, while the D'Acchiolis averred they established a "*prima facie* case to **open** the judgment by demonstrating that that [*sic*] [Alberto] had no involvement whatsoever with the transaction underling [*sic*] the instant case and he had nothing to do with D'Acchioli Construction, Inc[.] and Plaintiffs' alleged injuries[,]" the D'Acchiolis' did not allege this was a reason to **strike** the default judgment. *See* The D'Acchiolis' Pa.R.A.P. 1925(b) Statement, filed 1/7/19, at 2. Thus, this issue is waived under Pa.R.A.P. 1925(b). *See* Pa.R.A.P. 1925(b)(4)(vii); *Scientific Games Int'l, Inc. v. Com.*, 620 Pa.

With regard to the service of the ten-day notice upon Alberto D'Acchioli, d/b/a, a/k/a, D'Acchioli Construction, Inc., we note our rules of civil procedure indicate that a party seeking a default judgment must provide a notice of intent to the defaulting party ten days prior to filing the praecipe for entry of the judgment. Specifically, Pa.R.Civ.P. 237.1 states, in relevant part:

> (2) No judgment of…default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
> ***
>
> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa.R.Civ.P. 237.1.

The purpose of this rule is to ensure that default judgments are not entered without a defendant's prior knowledge, and to provide the defaulting party with an opportunity to cure the defect prior to the entry of default judgment. ***Green Acres Rehabilitation and Nursing Center v. Sullivan***, 113 A.3d 1261, 1271-72 (Pa.Super. 2015). "If service [is] improper, the court [does] not have jurisdiction over the persons of the defendants, and its

---

175, 66 A.3d 740 (2013) (holding issues pertaining to personal jurisdiction may be waived in the course of litigation); ***Stauffer***, ***supra*** (holding a petition to open and a petition to strike are distinct remedies and not subsumed within each other).

judgment should [be] stricken as void." **Continental Bank**, 485 A.2d at 483

(citation omitted).

The Comment to Rule 237.1 indicates that the ten-day notice must be

in writing. Furthermore, the Comment provides:

> The ten-day notice may be mailed or delivered. Registered or certified mail is not required. The ten-day grace period for compliance runs from the date of delivery, if the notice is delivered. If the notice is mailed, the ten-day period runs from the date of mailing and not from the date of receipt. If proof of the date of mailing is important, it may be obtained from the post office by requesting Post Office Form 3817, Certificate of Mailing, which will show the date, the name of the sender, and the addressee.

Pa.R.Civ.P. 237.1, Comment.

Here, our review of the certified record reveals that the ten-day notice

was sent to Alberto D'Acchioli, d/b/a, a/k/a, D'Acchioli Construction, Inc., at

1539 Rhawn Street in Philadelphia, on August 19, 2013, via certified mail, as

well as regular mail. The D'Acchiolis contend this constituted improper service

since Marty D'Acchioli signed for Alberto D'Acchioli's certified mailing. **See**

D'Acchiolis' Brief at 10. However, Pa.R.Civ.P. 237.1 "requires only that the

notice be mailed or delivered to the party against whom judgment is to be

entered. The explanatory comment expressly states that simply mailing the

notice constitutes compliance with the rule." **Central Penn National Bank**

**v. Williams**, 523 A.2d 1166, 1168 (Pa.Super. 1987). Moreover, there is no

requirement that the ten-day notice be served via certified mail, as opposed

to regular mail. **See id.**; Pa.R.Civ.P. 237.1, Comment. Thus, since the ten-

day notice was mailed via regular and certified mail to the address listed on the complaint for Alberto D'Acchioli, d/b/a, a/k/a D'Acchioli Construction, Inc.,[6] the fact Marty D'Acchioli signed for the certified mailing does not constitute a fatal defect on the record. **See Womer v. Hilliker**, 589 Pa. 256, 908 A.2d 269, 276 (2006) (holding that substantial compliance of Pa.R.Civ.P. 237.1 is sufficient and the court may "overlook any procedural defect that does not prejudice a party's rights.")

With regard to the service of original process upon Marty D'Acchioli,[7] the failure to adhere to the Pennsylvania Rules of Civil Procedure can be a facially fatal defect. **Cintas Corp.**, **supra**.

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against [the defendant]. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action....However, the absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served. [T]he fact of service is the important thing in determining jurisdiction and…proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

---

[6] The D'Acchiolis admitted in their petition to open and/or strike the default judgment that Alberto D'Acchioli lived at 1539 Rhawn Street in Philadelphia. **See** The D'Acchiolis' Petition to Open and/or Strike the Default Judgment, filed 9/14/18, at ¶ 7 n.1., ¶ 12.

[7] Marty D'Acchioli does not dispute the ten-day notice of intent to enter default judgment was properly served upon him at 1539 Rhawn Street in Philadelphia.

- 11 -

*Cintas Corp.*, *supra*, 700 A.2d at 917-18 (citations and quotation marks omitted). Pennsylvania Rule of Civil Procedure 402 discusses the requirements for service of original process:

> **Rule 402. Manner of Service. Acceptance of Service.**
>
> (a)   Original process may be served
>
> \*\*\*
>
>   (2) by handing a copy
>
> > (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence[.]

Pa.R.Civ.P. 402(a)(2)(i) (emphasis in original).

Here, the return of service for the writ of summons with regard to Marty D'Acchioli indicates service was effectuated at 1539 Rhawn Street in Philadelphia by handing the writ of summons to an "[a]dult family member with whom Defendant(s) reside. Name and relationship: Alberto D'Acchioli/Father." Further, the return of service for the complaint with regard to Marty D'Acchioli indicates service was effectuated at 1539 Rhawn Street in Philadelphia by handing the complaint to an "[a]dult family member with whom said Defendant(s) reside. Name and relationship: Anthony D'Acchioli/Brother." Accordingly, from the face of the record, service of original process was effectuated upon Marty D'Acchioli as required by Pa.R.Civ.P. 402(a)(2)(i). Therefore, the trial court properly denied the petition to strike on this basis. *See Liquid Carbonic Corp.*, 416 A.2d at 550 ("If the

record is self-sustaining, the judgment cannot be stricken.") (quotation and quotation marks omitted)).

The D'Acchiolis next claim the trial court abused its discretion in denying their petition to open the default judgment.

> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint. *Seeger v. First Union National Bank*, 836 A.2d 163 (Pa.Super. 2003). Moreover, we note the trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria. *Seeger*, *supra*.

*Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175-76 (Pa.Super. 2009) (citation omitted).

In the case *sub judice*, the trial court concluded the D'Acchiolis did not demonstrate that they met the first prong, *i.e.*, they promptly filed a petition to open the default judgment. In this regard, the trial court noted the default judgment was entered on January 30, 2014, but the D'Acchiolis did not file their petition to open until September 14, 2018, which was "four years and seven months after the default judgment was docketed." Trial Court Opinion, filed 4/1/19, at 6.

With regard to the first prong, whether the petition to open was timely filed, we note:

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within

- 13 -

which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

*** 

In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month.

*Myers*, 986 A.2d at 176 (citations omitted).

In the case *sub judice*, the D'Acchiolis have presented no argument on appeal that they did not receive notice of the default judgment[8] and they have made no effort to offer a reasonable explanation for the delay in filing the petition to open.[9] Accordingly, the trial court properly denied the petition to open. *See U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency*, *supra* (holding that if the petition to open fails to satisfy any prong of the test, then the petition will be denied).

For all of the foregoing reasons, we affirm.

Order affirmed.

_____

[8] We note the record reveals that, on January 30, 2014, default judgment was entered against the D'Acchiolis and, on that same date, the Prothonotary sent the required notices pursuant to Pennsylvania Rules of Civil Procedure 236 and 237.1. Moreover, the Whites' attorney filed an affidavit of service indicating he sent the praecipe to enter default judgment to Marty D'Acchioli and Alberto D'Acchioli, d/b/a, a/k/a, D'Acchioli Construction, Inc., at 1539 Rhawn Street in Philadephia via certified and regular mail.

[9] The D'Acchiolis focused their appellate argument on whether they provided a reasonable excuse for failing to file a responsive pleading and whether they have a meritorious defense. *See* D'Acchiolis' Brief at 11-12.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19