J-A19042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARBARA A. JOHNSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD A. JOHNSON, JR. AND VICTORIA F. THOMAS | : | |
| | : | No. 53 EDA 2019 |
| APPEAL OF: RICHARD A. JOHNSON, JR. | : | |

Appeal from the Order Entered December 6, 2018
In the Court of Common Pleas of Chester County Civil Division at No(s):
18-01780-TT

BEFORE:    PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED OCTOBER 22, 2019**

Appellant Richard A. Johnson, Jr., appeals from the order entered in the Court of Common Pleas of Chester County, which denied his petition to open and/or strike the default judgment entered against him[1] and in favor of his stepmother, Appellee Barbara A. Johnson.  After a careful review, we affirm.

---

[1] As further discussed *infra*, default judgment was entered against Appellant, as well as Victoria F. Thomas, his wife.  Appellant averred in his brief in support of his petition to open and/or strike the default judgment that he and Ms. Thomas are in the process of divorcing.  Ms. Thomas did not separately file either a petition to open and/or strike the default judgment or a notice of appeal, and Appellant did not indicate he was filing his documents on her behalf.  Thus, for purposes of this appeal, we shall refer solely to Richard A. Johnson, Jr., as "Appellant".

---

\*   Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: On February 15, 2018, Appellee filed a civil complaint against Appellant, who is her stepson, and his wife, Victoria F. Thomas, and provided them with notice to defend within twenty days. In the complaint, Appellee averred that the couple, through misrepresentation and fraud, converted $509,110.03 in insurance proceeds owed to Appellee and utilized the proceeds for their own use. She also averred Appellant improperly transferred his one-half interest in three properties located in Kennett Square to Ms. Thomas in order to avoid collection of a debt that Appellee had against him.

Accordingly, Appellee raised the following claims: Count I-fraud/misrepresentation-unauthorized name added to account signature card; Count II-fraud/misrepresentation-forged endorsement of check deposits; Count III-violation of the Pennsylvania Uniform Fraudulent Transfers Act ("PUFTA"), 12 Pa.C.S.A. § 5101 *et. seq.*; Count IV-unjust enrichment; and Count V-civil conspiracy. The certified record contains a sheriff's service process receipt and affidavit of return indicating the complaint was served on February 16, 2018, at 12:41 p.m., by handing copies of the complaint to "Richard Johnson (Def.)" at the couple's home at 317 Pennsylvania Avenue in Avondale.

Neither Appellant nor Ms. Thomas filed an answer to the complaint, and thus, on March 12, 2019, Appellee filed a ten-day notice of her intent to file a default judgment against them. The record contains certificates of service

from Appellee's attorney indicating the ten-day notice was served upon Appellant and Ms. Thomas on March 12, 2018, via first class mail at 317 Pennsylvania Avenue in Avondale.

No answer was filed in response to the ten-day notice and, consequently, on March 28, 2018, Appellee filed a praecipe for the entry of default judgment in the amount of $608,871.05 against Appellant and Ms. Thomas.[2] The record contains certificates of service from Appellee's attorney indicating notice of the default judgment was served upon Appellant and Ms. Thomas on March 26, 2018, via first class mail at 317 Pennsylvania Avenue in Avondale.

Moreover, on March 28, 2018, the prothonotary entered a default judgment on the docket in the amount of $608,871.05 against Appellant and Ms. Thomas. The docket entries include notations indicating that the prothonotary provided Appellant and Ms. Thomas with notice of entry of the judgment pursuant to Pennsylvania Rule of Civil Procedure 236.

On April 3, 2018, Appellee filed a praecipe for the entry of default judgment as to the remaining count of her complaint, Count III- violation of PUFTA, as well as a praecipe for determination with regard thereto. Therein, Appellee requested the trial court void the transfer of, strike the deeds of, and void the mortgages recorded with regard to three specific properties in

---

[2] Appellee averred she was entitled to monetary damages in a "sum certain," *i.e.*, $509,110.03, plus interest and costs.

- 3 -

Kennett Square. Appellee also requested the trial court enjoin Appellant and Ms. Thomas from taking any action that would lead to the transfer of Appellant's interest in the properties to Ms. Thomas.

The record contains certificates of service from Appellee's attorney indicating notice of the praecipe for entry of default judgment as to Count III was served upon Appellant and Ms. Thomas on April 3, 2018, via first class mail at 317 Pennsylvania Avenue in Avondale. The docket entries include notations indicating that the prothonotary provided Appellant and Ms. Thomas with notice of entry of the judgment pursuant to Pennsylvania Rule of Civil Procedure 236.

On June 22, 2018, Appellant filed a petition to open and/or strike the default judgments, as well as an answer with new matter to Appellee's complaint. Appellee filed a response in opposition to Appellant's petition to open and/or strike the default judgments.

On December 6, 2018, the trial court entered an order denying Appellant's petition to open and/or strike the default judgments entered against him. Appellant filed a notice of appeal on December 20, 2018.[3] The

_____

[3] We note that, prior to the instant appeal, the trial court did not assess the equitable remedy pertaining to Appellee's entry of default judgment as to count III of her complaint. However, "[t]his Court has held that a party may petition to open a default judgment prior to the assessment of damages and that an appeal from an order denying such a petition is appealable under Pa.R.A.P. 311(a)(1)[, which allows appeals of interlocutory orders that deny requests to open a judgment.]" **Boatin v. Miller**, 955 A.2d 424, 433 n.2

trial court ordered him to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant avers the trial court erred in denying his petition to open and/or strike the default judgments. We begin our analysis by observing that when one is challenging a judgment, he or she may file a petition to open the judgment, strike the judgment, or both. "A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." *Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa.Super. 2005). "A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment is the remedy sought by one who complains of fatal irregularities appearing on the face of the record." *U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1027-28 (Pa.Super. 2017) (internal citations and quotation marks omitted).

_____

(Pa.Super. 2008). *See* Pa.R.A.P. 311(a)(1) ("An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from…[a]n order refusing to open, vacate, or strike off a judgment."); *Mother's Restaurant, Inc. v. Krystkiewicz*, 861 A.2d 327, 334-36 (Pa.Super. 2004) (*en banc*) (holding that, although the trial court had yet to determine the scope of relief or fashion an appropriate final decree, this Court had jurisdiction to review the trial court's order denying the defendant's request for relief from the default judgment under Pa.R.A.P. 311(a)(1)). Accordingly, we conclude we have jurisdiction over this interlocutory appeal as of right.

Here, Appellant filed both a petition to open and a petition to strike. We first consider Appellant's arguments regarding his petition to strike the default judgment.

An appeal from the denial of "[a] petition to strike a default judgment presents us with a question of law; consequently, our standard of review is *de novo* and our scope of review is plenary." *Id.* at 1028 n.9.

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike the judgment may be granted only for a fatal defect or irregularity appearing on the face of the record....An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered.

*Cintas Corp. v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 700 A.2d 915, 917 (1997). "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Oswald v. WB Public Square Associates, LLC*, 80 A.3d 790, 794 (Pa.Super. 2013) (citation omitted). "The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." *Continental Bank v. Rapp*, 485 A.2d 480, 483 (Pa.Super. 1984) (citation omitted). *See Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 416 A.2d 549, 550 (Pa.Super. 1979) ("If the record is self-sustaining, the judgment cannot be stricken.") (quotation and quotation

marks omitted)). A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 388 (Pa.Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. *See id.*

Appellant claims the following fatal defects appear on the face of the record, and thus, the trial court erred in failing to strike the default judgments: (1) Appellant was not properly served with the complaint; and (2) Appellant was not provided with notice of the entry of the default judgment as required by Pennsylvania Rule of Civil Procedure 236. *See* Appellant's Brief at 12.

Appellant first claims the record fails to demonstrate that he was served with Appellee's complaint. With regard to the service of original process upon Appellant, the failure to adhere to the Pennsylvania Rules of Civil Procedure can be a facially fatal defect. *Cintas Corp.*, *supra*.

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against [the defendant]. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action....However, the absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served. [T]he fact of service is the important thing in determining jurisdiction and…proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

*Cintas Corp.*, *supra*, 700 A.2d at 917-18 (citations and quotation marks omitted).

Pennsylvania Rule of Civil Procedure 402 discusses the requirements for service of original process:

**Rule 402. Manner of Service. Acceptance of Service.**

(a)    Original process may be served

  (1) by handing a copy to the defendant[.]

Pa.R.Civ.P. 402(a)(1)(emphasis in original).

Here, the sheriff's return of service for the complaint reveals service was effectuated upon Appellant on February 16, 2018, at 12:41 p.m., by handing a copy of the complaint to "Richard Johnson (Def.)" at his residence.  As the trial court held: "[T]he Sheriff's Return of Service states that the Complaint was personally served on [Appellant] on February 16, 2018.  Absent fraud,[4] a sheriff's return of service which is full and complete on its face is conclusive and immune from attack by extrinsic evidence."  Trial Court Order, filed 12/6/18, at 1 n.1 (citing **Hollinger v. Hollinger**, 416 Pa. 473, 206 A.2d 1 (1965))[5] (footnote added).

---

[4] While Appellant claims there was "fraudulent service," Appellant has not developed this bald assertion.  **See** Appellant's brief at 13 ("In the instant case, Appellant claims that the record is self-sustaining to have the Judgment stricken because [of] the false and fraudulent service of the Complaint[.]").

[5] In **Hollinger**, **supra**, 206 A.2d at 3, our Supreme Court explained:
> The rule of conclusiveness of a return of service of process is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect.

Accordingly, from the face of the record, service of original process was effectuated upon Appellant as required by Pa.R.Civ.P. 402(a)(1). Therefore, the trial court properly denied the petition to strike on this basis. *See Liquid Carbonic Corp.*, 416 A.2d at 550 ("If the record is self-sustaining, the judgment cannot be stricken.") (quotation and quotation marks omitted)).

Appellant next claims the record reveals that he was not given proper notice of the entry of the March 28, 2018, default judgment as required by Pa.R.Civ.P. 236. With regard to service of the notice of the entry of the default judgment against Appellant, Rule 236 provides the following:

**Rule 236. Notice by Prothonotary of Entry of Order or Judgment**

(a) The prothonotary shall immediately give written notice of the entry of

(1) a judgment entered by confession to the defendant by ordinary mail together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

> *Note:* See Rules 1012 and 1025 as to the requirement of an address on an appearance and a pleading.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

(c) Failure to give the notice or when a judgment by confession is entered to mail the required documents, or both, shall not affect the lien of the judgment.

Pa.R.Civ.P. 236 (emphasis in original).

In the case *sub judice*, the relevant certified docket entries indicate:

03/28/2018      JUDGMENT STATUS DOCKET

DEFAULT JUDGMENT Amount: 608, 871.05

∗∗∗

03/28/2018      PRAECIPE FOR DEFAULT JUDGMENT AGAINST RICHARD A. JOHNSON, JR. : : On behalf of Defendant:  Richard A. Johnson, Jr. : : Filed By: MARVIN POWELL, [ESQUIRE]

03/28/2018      236 NOTICE OF ENTERY [*sic*] OF JUDGMENT AGAINST RICHARD A. JOHNSON, JR. : : On behalf of Defendant: RICHARD A. JOHNSON, JR. : : Filed By MARVIN POWELL, [ESQUIRE]

03/28/2018      CERTIFICATE OF SERVICE ENTRY OF DEFAULT JUDGMENT, 236 NOTICE OF JUDGMENT AGAINST RICHARD A. JOHNSON, JR. VIA MAIL ON 3-26-18 UPON RICHARD A. JOHNSON, JR. : : On behalf of Defendant: RICHARD A. JOHNSON, JR. : : Filed By: MARVIN POWELL, [ESQUIRE]

Docket Entry, at 3/28/18.

The record clearly reflects that the lower court's prothonotary provided written notice of the default judgment via mail to Appellant[6] and noted the giving of such notice on the docket.  Contrary to Appellant's claim, there is no fatal defect on the face of the record under Pa.R.Civ.P. 236, and thus, the trial court properly denied Appellant's petition to strike on this basis.[7]  ***See Liquid***

_____

[6] As the trial court noted, the notice was mailed to 317 Pennsylvania Avenue, Avondale, which is the same address where Appellant was personally served with the complaint by the sheriff.  Trial Court Opinion, filed 2/7/19, at 2.

[7] Appellant indicates he is challenging the notice provided in connection with the entry of the March 28, 2018, default judgment.  ***See*** Appellant's Brief at 6-7.  In any event, we note the certified docket entries also reveal that the lower court's prothonotary provided written notice of the April 3, 2018, default judgment via mail to Appellant at 317 Pennsylvania Avenue, Avondale, as well as noted the giving of such notice on the docket.  Docket Entry, at 4/3/18.

- 10 -

*Carbonic Corp.*, 416 A.2d at 550 ("If the record is self-sustaining, the judgment cannot be stricken.") (quotation and quotation marks omitted)).

Appellant next claims the trial court erred in denying his petition to open the default judgment.

> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint. *Seeger v. First Union National Bank*, 836 A.2d 163 (Pa.Super. 2003). Moreover, we note the trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria. *Seeger*, *supra*.

*Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175-76 (Pa.Super. 2009) (citation omitted).

In the instant case, the trial court determined that, *inter alia*, Appellant failed to demonstrate he met the first prong, *i.e.*, he promptly filed a petition to open the default judgment. In this regard, the trial court noted that almost three months passed from when the default judgments were entered until Appellant filed his petition to open. *See* Trial Court Opinion, filed 2/7/19, at 2.

With regard to the first prong, whether the petition to open was timely filed, we note:

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time

- 11 -

between discovery of the entry of the default judgment and the reason for delay.

\*\*\*

In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month.

*Myers*, 986 A.2d at 176 (citations omitted).

In the case *sub judice*, on March 26, 2018, the prothonotary mailed notice of the entry of the default judgment as to the monetary damages to Appellant at his home address of 317 Pennsylvania Avenue in Avondale, and on April 3, 2018, the prothonotary mailed notice of the default judgment as to Count III of Appellee's complaint to Appellant at the same address.

Appellant does not dispute the docket entries exist; however, in explaining the reason for his delay in filing the petition to open, Appellant contends he never received the notices as he did not live at 317 Pennsylvania Avenue in Avondale at the time the notices were mailed. As proof thereof, Appellant attached to his petition to open a copy of his Pennsylvania Driver's License, which lists 519 School House Road, Kennett Square, PA, as his residence's address.

However, the driver's license indicates the date of issuance of the license was April 25, 2018, which is well after the prothonotary provided Appellant with notice of the entry of the default judgments to his home address of 317 Pennsylvania Avenue in Avondale. Accordingly, we conclude the trial court did not abuse its discretion in finding Appellant failed to promptly file a petition

to open the default judgment, and therefore, the trial court properly denied the petition to open.[8]  ***See U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency***, ***supra*** (holding that if the petition to open fails to satisfy any prong of the test, then the petition will be denied).

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19

_____

[8] The trial court also concluded Appellant failed to provide a reasonable excuse or explanation for failing to file a responsive pleading.  ***See*** Trial Court Opinion, filed 2/7/19, at 2.  Appellant contended that he did not file a responsive pleading because he did not live at 317 Pennsylvania Avenue in Avondale when the complaint was served by the sheriff.  As the trial court noted, the sheriff's return of service for the complaint indicates the complaint was handed to Appellant, and therefore, whether Appellant actually resided at 317 Pennsylvania Avenue, or was merely on the premises for some other reason, is irrelevant to whether he received and had notice of the complaint.  ***See id.***